MARGARET BOLAND, Respondent, v. THE CITY OF . KANSAS, Appellant.

Kansas City Court of Appeals, July 2, 1888.

1. **Negligence** : WHETHER OR NOT A GIVEN ACT CONSTITUTES : HOW DETERMINED : QUESTION OF FACT AND NOT OF LAW, WHEN. The question whether or not a given act is an act of negligence is a question of law when the act is of such a character that the judgment of all sensible men would condemn it as such ; but where the judgment of sensible men would reasonably lead to different conclusions on the question, it is a question of fact.

2. ———: CONTRIBUTORY : DANGEROUS SIDEWALKS : DUTY CONCERN-ING : CASE ADJUDGED. Concerning the duty of persons using streets and sidewalks, if there was a plain way to travel which is safe, and the person could have traveled over it, and he voluntarily chose a hazardous way, which was known or could have been known to him, with ordinary diligence, to be hazardous ; these are facts from which contributory negligence might be found by the jury ; and all of these facts are proper to be submitted to the jury.

3. **Practice** : INSTRUCTIONS: WHEN THERE IS ERROR IN REFUSING : CASE ADJUDGED. An instruction, refused in this case, to the effect that if they believed the plaintiff's attempt, under the facts assumed, was negligent and careless, they should find for the defendant, was proper and should have been given. And as the substance of this instruction was not contained in any instruction given in the case, the judgment must be reversed.

*Appeal from Jackson Circuit Court.*—HON. JAMES H. SLOVER, Judge.

REVERSED AND REMANDED.

Statement of case by the court.

This was an action by the plaintiff for the recovery of damages on account of injuries sustained, as alleged, by reason of an unsafe and dangerous sidewalk on one of defendant's streets.

The sidewalk complained of was on the north side of Fifth street in Kansas City, and the adjacent ground inside of the sidewalk was twenty or thirty feet lower than it. The sidewalk·was built by defendant. It was constructed of plank, and in such a manner that it was higher on the inside of it, next to the curb of the street, than on the outside next to the hole above mentioned. The difference in height between the inside and outside edges of the sidewalk was from ten inches to two feet, according to the varying statements of the witnesses. The sidewalk was ten feet wide. There were at the place of the accident no sufficient railings along the outside edge of the sidewalk to prevent one from falling therefrom into the ravine adjacent thereto.

The plaintiff testified that she had often passed over the sidewalk previous to the accident, but that at that time she did not know anything about the sidewalk slanting at that place. On account of the sidewalk slanting from the inner side to the outer side, when wet or muddy, it was slippery.

There was on the street opposite to the place of the accident a sidewalk in good condition and open to travel.

The plaintiff, on the day of the accident, after dark, as she testified, when the sidewalk was quite muddy, attempted to pass over it; in ,so doing she slipped and

fell onto the sidewalk, and rolled from it into the ravine suffering in consequence thereof the injuries complained of.

The defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused.

For the plaintiff the court gave the following instructions :

" 1.   The court instructs the jury that the defendant corporation had exclusive control and power over the streets and sidewalks in the City of Kansas, Jackson county, Missouri, to open, grade, pave or otherwise improve them and to keep the same in repair, and that it was the duty of the defendant to build its sidewalks as well as to keep them in proper state of repair ; that they should be reasonably safe for travel by night as well as by day, and to provide the same with railing or fencing so as to reasonably secure persons from falling off the same.

" 2.   If the jury believe from the evidence that the defendant corporation constructed the sidewalk on Fifth street at the place alleged in plaintiff's petition, as shown by the evidence, without railing or fencing, or not sufficient railing or fencing, so as to reasonably secure persons from falling off such sidewalk, and that while such sidewalk at said place was in such condition, if you so find, and in consequence of such condition of the sidewalk, the plaintiff, while walking on such sidewalk at said place, and while in the exercise of reasonable and ordinary care on her part, fell therefrom to the ground adjacent thereto and was injured thereby, then she is entitled to recover in this suit.

" 3.   The court instructs the jury that if they believe from the evidence, that on or about the twenty-first day of April, 1885, the plaintiff, while walking on the sidewalk on the north side of Fifth street and just west of Gillis street, in Kansas City, Missouri, on her way home in the eastern part of the city, she fell from said sidewalk to the ground adjacent thereto and was injured by such fall, and that at the place where such fall occurred, the sidewalk was sloped or slanted toward the north

sufficiently to render the same unsafe for persons traveling thereon, and that the defendant at the time of the accident knew, or by the exercise of reasonable diligence might have known, of such condition of such sidewalk, and that by reason of the condition of such sidewalk, at said place, the plaintiff, while in the exercise of ordinary and reasonable care, fell therefrom and was injured thereby, she is entitled to recover in this suit; and by reasonable and ordinary care is meant such care and caution as a person of ordinary prudence would exercise under the same or similar circumstances.

"4. The court instructs the jury that while the City of Kansas is not an insurer of the lives and limbs of persons using the streets and sidewalks, yet it is bound to build its sidewalks and keep them in a state of repair mentioned in these instructions; and unless it does so it is liable for damages if injury results therefrom to persons using the same who are in the exercise of the care defined in these instructions."

The court also gave for the plaintiff an instruction on the measure of damages, which need not be noticed, and refused to give for the defendant the following instruction:

"4. If you find from the evidence at the time complained of by the plaintiff there was a good and safe sidewalk on the opposite side of said Fifth street, but that the plaintiff, knowing of the alleged dangerous and unsafe condition of the sidewalk on said north side of said street, or might have known of the same by the exercise of ordinary care and prudence, did carelessly and negligently attempt to pass along the sidewalk complained of and was injured, then you must find for the defendant."

The instructions given for the defendant we need not notice, since they were in no respect similar to this instruction, refused by the court.

From a judgment against it the defendant has appealed to this court.

*R. W. Quarles* and *W. A. Alderson*, for the appellant.

(1) The demurrer to the evidence should have been sustained. The evidence of the appellee exempts the appellant from liability. *Wilson* v. *Charleston*, 8 Allen, 137 ; *Craig v. Sedalia*, 63 Mo. 417, 420; *Kelley v. Transit Company*, 11 Mo. App. 1 ; *Schaeffer v. Sandusky*, 33 Ohio St. 246 ; *Macomb v. Gnnthers*, 6 Ill. App. 470 ; *Bruker v. Covington*, 69 Ind. 33 ; *Momena v. Kendall*, 14 Ill. App. 229 ; *Erie v. Magill*, 101 Pa. St. 616 ; *Indianapolis v. Cook*, 99 Ind. 10 ; *Hartman v. Muscatine*, 70 Ia. 511 ; *Quincy v. Barker*, 81 Ill. 300. (2) The following instruction presented by the appellant and refused by the court should have been given : "If you find from the evidence at the time complained of by the plaintiff there was a good and safe sidewalk on the opposite side of said Fifth street, but that the plaintiff, knowing of the alleged dangerous and unsafe condition of the sidewalk on said north side of said street, or might have known of the same by the exercise of ordinary care and prudence, did carelessly and negligently attempt to pass along the sidewalk complained of and was injured, then you must find for the defendant." *Parkhill v. Brighton*, 61 Iowa, 103; *Momena v. Kendall*, 14 Ill. App. 229; *Erie v. Magill*, 101 Pa. St. 616; *McGinty v. Keokuk*, 66 Iowa, 725 ; *Hartman v. Muscatine*, 70 Iowa, 511 ; *Fallian v. Muscatine*, 70 Iowa, 436 ; *Lovengath v. Bloomington*, 71 Ill. 238.

*Bacon & Hamsberger*, for the respondent.

(1) A demurrer to the evidence admits everything which the testimony conduces to prove, though but in a slight degree. In passing upon the demurrer the court will make every inference of fact in favor of the party offering the evidence, which the evidence warrants and which the jury might, with any degree of propriety,

have inferred. *Wilson v. Board*, 63 Mo. 137; *Buesching v. Gas Co.*, 73 Mo. 219; *Frick v. Railroad*, 75 Mo. 595; *Loewer v. Sedalia*, 77 Mo. 431. (2) What acts or conduct amount to contributory negligence is necessarily governed by the circumstances of the particular case. The recklessness or heedlessness should be very apparent to justify a declaration by the court, as a matter of law, that certain conduct on the part of the complainant amounted to contributory negligence. When it is questionable, it is the province of the jury to say whether, under the circumstances of the particular case, the conduct amounts to contributory negligence. *Taylor v. Railroad*, 26 Mo. App. 336. When the undisputed facts relied upon to establish contributory negligence are such as may, in the judgment of sensible men, lead to very different conclusions as to whether they establish contributory negligence or want of care the jury is the tribunal to determine the question. *Petty v. Railroad*, 88 Mo. 306; *Norton v. Ittner*, 56 Mo. 351; *Mauerman v. Siemerts*, 71 Mo. 101; *Nagel v. Railroad*, 75 Mo. 653; *Scoville v. Railroad*, 81 Mo. 434. The cases cited by appellant in support of its first proposition are all based upon the ground that the complainants knew of the danger they encountered, and also failed to use ordinary care to avoid the same. (3) When a street is thrown open to public use it is the duty of the city to keep the same in a condition reasonably safe for persons traveling thereon, with ordinary care and prudence, and whether a given street is in such a condition, is a practical question to be determined by the jury in each case, by the particular circumstances. *Taubman v. City*, 25 Mo. App. 218; *Brennan v. City*, 92 Mo. 482; *Loewer v. City*, 77 Mo. 431; *Russell v. Columbia*, 74 Mo. 480; *Buesching v. Gas Co.*, 73 Mo. 219; *Carrington v. City*, 89 Mo. 208; *Kling v. City*, 27 Mo. App. 231. (4) But, for the sake of the argument, let us concede that plaintiff knew that the sidewalk, at the time and place where the accident occurred, was in the condition charged in plaintiff's petition, yet that knowledge and the attempt to pass

along there of a dark night would not of themselves render her guilty of contributory negligence. *Loewer v. City*, 77 Mo. 431; *Buesching v. Gas Co.*, 73 Mo. 219; *Smith v. St. Joseph*, 45 Mo. 449. (5) We think that the trial court very fully submitted the question of contributory negligence to the jury. Under the evidence and admissions of the parties to this suit, as shown in abstract of record filed by appellant, the jury was the proper tribunal to pass thereon, and according to the authority of the various cases cited herein by the appellee, *supra*, the court could not legally have done otherwise than to submit the case to the jury.

HALL, J.—The defendant assigns two grounds for the reversal of the judgment in this case, *i. e.*, the refusal by the circuit court of the demurrer to the evidence and of instruction number four asked by it. In support of the ground based on the refusal of the demurrer to the evidence, the defendant urges that, under the facts in this case, it was negligence as a matter of law for the plaintiff to attempt to pass over the sidewalk, and that, therefore, the plaintiff could not recover. In other words, the defendant's position is that the act of the plaintiff in attempting to pass over the sidewalk was of such a character as *per se* to constitute negligence on her part.

I. The question, whether or not a given act is an act of negligence is a question of law, where the act is of such a character that the judgment of all sensible men would condemn it as such, but where the judgment of sensible men could reasonably lead to different conclusions on the question, it is a question of fact. *Petty v. Railroad*, 88 Mo. 306; *Norton v. Ittner*, 56 Mo. 351; *Mauerman v. Siemerts*, 71 Mo. 104. We think that the court correctly refused to declare that, as a matter of law, the plaintiff's act in attempting to cross along or over the sidewalk was negligence. In the first place, it was not admitted that the plaintiff knew the condition of the sidewalk. It is true that there was evidence tending to show that the plaintiff had such knowledge, actual or

constructive; but whether she had or not was a question for the jury. And in the next place, even if such knowledge on plaintiff's part had been admitted, the attempt on her part would not have been negligent as a matter of course, because sensible men could reasonably reach different conclusions on the question as to whether or not the attempt was negligent. The attempt, even with knowledge on her part, the jury alone under proper instructions could have pronounced negligent. The question would have remained a question of fact. *Loewer v. City of Sedalia*, 77 Mo. 444, and cases cited.

II. The evidence showed that the plaintiff had often walked over the sidewalk in controversy prior to the accident; from this evidence the jury could have reasonably inferred, notwithstanding the express denial of plaintiff, that she knew the condition of the sidewalk, and also that she could have known its condition by the use of ordinary care. Under this evidence it was for the jury to have said whether or not the plaintiff, in attempting to cross over such sidewalk under all the other circumstances in evidence, instead of the opposite sidewalk which was in good condition, acted negligently. The law did not, as we have seen, pronounce the plaintiff's act negligent, but neither did it pronounce such act prudent; the facts in evidence were such as to have warranted the jury in finding the act negligent.

This is so held expressly in *Bassett v. City of St. Joseph*, 53 Mo. 290, 303. It is there said: "If there was a plain way to travel, which was safe, and the plaintiff could have traveled over it, and she voluntarily chose to take a hazardous way, which was known or could have been known by her with ordinary diligence to be hazardous * * * , at least these are facts from which contributive negligence might be found by the jury. All of these facts were proper to be submitted to the jury." This case, as respects this question, has not been criticised adversely or overruled by our supreme court in any later case. On the contrary. the same doctrine is laid down in *Loewer v. City of Sedalia*, 77 Mo.

446, in these words: "It is for the jury to say whether, under all the circumstances, he (plaintiff) was guilty of negligence in not traveling in the space commonly used by vehicles."

For this reason, the defendant had the right to have submitted in a clear and direct manner the question, as to whether or not the act of plaintiff in attempting, under the facts mentioned, to pass along the sidewalk was in and of itself negligence. This question goes solely to the character of the act, and not at all to the manner in which the act was performed. This question is, was the act of attempting to pass along the sidewalk negligence of itself, without regard to the manner in which the attempt was made? In other words this question is not, did the plaintiff use reasonable and ordinary care *while* attempting to pass along the sidewalk? But is, did the plaintiff by attempting to pass along the sidewalk act negligently? This question is based upon the impossibility of the plaintiff having prudently passed along the sidewalk, because a negligent act cannot be performed in a prudent manner.

The instruction asked by the defendant, and refused by the court, simply put this question to the jury, as we understand it. It did not tell the jury that if they found the facts mentioned in it, *i. e.*, that there was a good and safe sidewalk on the opposite side of the street, and that the plaintiff knew, or by the exercise of ordinary care and prudence might have known, the unsafe and dangerous condition of the sidewalk in controversy, they should find for the defendant; but it told them that, if they found those facts and that the plaintiff "did carelessly and negligently attempt to pass along the sidewalk complained of and was injured," then they should find for the defendant. This instruction in effect told the jury that if they believed the plaintiff's attempt, under the facts mentioned, was negligent and careless, they should find for the defendant. The instruction was, therefore, proper and should have been given.

The substance of this instruction was not contained

in any instruction given in the case. No other instruction asked by the defendant referred to the plaintiff's negligence, and only two of plaintiff's instructions did so. They were numbered two and three. They did make the plaintiff's recovery depend upon the use by her of ordinary and reasonable care, but by the terms of the instructions the care was *while* she was walking on the sidewalk and not the care in attempting at all to do so.

For the error indicated the judgment is reversed and the cause remanded. All concur; ELLISON, J., in the result.