Fairgrieve v. The City of Moberly.

EMMA I. FAIRGRIEVE, Respondent, v. THE CITY OF MOBERLY, Appellant.

Kansas City Court of Appeals, January 6, 1890.

1. **Municipal Corporations :** PERSONAL INJURY ON STREET CROSSING : SIDEWALK ORDINANCE NOT EVIDENCE. In an action for personal injury caused by slipping on an alleged defectively constructed street crossing, it is error to admit in evidence an ordinance in relation to the width of sidewalks.

2. —— : —— : FALLING INTO DITCH OR AMONG TIMBERS : INSTRUCTION. Where the evidence fails to show that the injury resulted from the falling into a ditch, it is error to instruct the jury on such theory; but an instruction basing plaintiff's right to recover if her injury resulted from slipping and falling among timbers negligently left alongside the crossing and across the ditch is approved as being supported by the evidence in this case.

3. —— : STREET CROSSING : TOPOGRAPHY OF GROUND. The evidence examined and found not to support an allegation in the petition that the injury resulted from the negligent construction of the crossing; as it appears to have been properly constructed, and the fact that it sloped in conformity with the topography of the ground is no evidence of negligence in its construction.

4. —— : GROUNDS OF RECOVERY. Notwithstanding a street crossing is properly constructed and in proper condition, if one, in the exercise of ordinary care, accidentally slips and falls upon obstructions which have been negligently left along the side of and so near the crossing as to injure a pedestrian as the result of such falling, the city would be liable, provided the injury would not have happened but for the presence of such obstruction.

5. —— : DAMAGES. The damages assessed in this case appear to have been somewhat excessive.

Fairgrieve v. The City of Moberly.

*Appeal from the Macon Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED AND REMANDED.

*Willard P. Cave*, for the appellant.

(1) The trial court erred in permitting plaintiff to
introduce ordinance number 50, entitled, "An ordi-
nance in relation to sidewalks," as said ordinance did
not mention street crossings and did not pretend to
regulate the dimensions or mode of constructing
same, and the only effect that the reading of said
ordinance could have was to mislead the jury. (2) The
court erred in refusing to permit J. W. Riley, a civil
engineer and mechanical expert, to testify as to the
mechanical construction of the crossing alleged by
plaintiff to have been improperly constructed. (3) The
court erred in giving instructions numbered 1, 2, 3, 4
and 5, asked by plaintiff, and instruction numbered
three is fatally misleading, in instructing the jury as
follows : The above instruction narrows, abridges and
changes the issues as presented by the pleadings. *Bank
v. Murdock & Armstrong*, 62 Mo. 70; *Moffit v. Conklin*,
35 Mo. 453; *Mead v. Brotherton*, 30 Mo. 201; *Crews v.
Lackland*, 67 Mo. 619; *Mansur v. Botts*, 80 Mo. 658;
*Abbott v. Railroad*, 83 Mo. 278; *Sullivan v. Railroad*,
88 Mo. 182; *Thomas v. Babt*, 45 Mo. 384; *Hackman
v. Maguire*, 20 Mo. App. 289; *Glass v. Gelvin*, 80 Mo.
297; *Gessley v. Railroad*, 26 Mo. App. 156. (4) The
court erred in giving instruction numbered five, given
by the court upon its own motion, and found among
the instructions for defendant, as said instruction in
substance told the jury that even though they found
the crossing complained of was reasonably safe for
travel, still they could not find in favor of defend-
ant if they believed that defendant left timbers along
the side of the crossing through which plaintiff slipped

and injured herself. (5) The damages assessed against defendant are excessive.

*W. J. Hollis*, for the respondent.

(1) A twenty-four inch street crossing at some places with a two or three-foot sidewalk might be proper; but with the geographical lay of the ground at the point in question, and to connect sidewalks five feet and four inches (as the ordinance called for) in width where a right angle had to be made to reach said crossing, were facts properly submitted to the jury for their determination as to the proper or improper construction of this particular crossing. (2) The refusal of the court to permit J. W. Riley to testify as to the proper construction of the crossing was right, for the reason this is not a matter for expert testimony, and the evidence offered was the conclusion to be arrived at by the jury from all the facts and circumstances surrounding the case and not from the opinion of any witness. *Brown v. Cape Girardeau*, 89 Mo. 152; *Roberts v. Lynch*, 15 Mo. App. 456; *Fairgrieve v. Moberly*, 29 Mo. App. 148. (3) As to the point made by appellant, under divisions 3 and 4, of its reasons for reversal, we will say that instruction numbered 3, complained of, does not come under the rule as laid down in the authorities cited, among which special reliance is placed on *Sullivan v. Railroad*, 88 Mo. 182. The principle contended for and plainly supported by this case is specifically overruled in the case of *Owens v. Railroad*, 95 Mo. 169, which effectually disposes of all objections made by appellant to plaintiff's instructions, which, taken together, properly declare the law of this case. Appellant objects to all of plaintiff's instructions in a general way. The court gave instruction numbered 5 on the authority of *Harrison v. Railroad*, 74 Mo. 364; *Waldheier v. Railroad*, 71 Mo. 516; *O'Conner v. Railroad*, 94 Mo. 157; *Gurley v. Railroad*, 93 Mo. 450.

(4) Notwithstanding plaintiff's objection the court permitted all the testimony of every kind and character offered by appellant to go to the jury, and it is not claimed that there is a scintilla tending to prove contributory negligence; hence, upon an answer properly pleading it, the court could have declared, as matter of law, that plaintiff was not guilty, etc. *Williams v. Railroad*, 74 Mo. 453; *Petty v. Railroad*, 88 Mo. 320–21; *Young v. Glasscock*, 79 Mo. 580; *Palmer v. Railroad*, 76 Mo. 217; *Henry v. Railroad*, 76 Mo. 288; *Taylor v. Railroad*, 26 Mo. App. 336, and cases cited. (5) As to the damages being excessive we only refer to the testimony of those who knew the extent of the injury and the remarks of this court when they reversed this case on one dollar damages. "No reasonable ground for any sound mind to doubt that she was hurt, and that badly." *Fairgrieve v. Moberly*, 29 Mo. App. 141.

ELLISON, J.—This action is for personal injuries alleged to have been received by plaintiff at a street crossing in the city of Moberly. The negligence charged against the city is an improper construction of a crossing, by building it only twenty-four inches wide with "very slanting aprons" on each side. And leaving timbers alongside of and very near the crossing; as well as also leaving a ditch under the crossing. The injury is charged to have happened by plaintiff slipping off of the slanting apron with her left foot, which ran down between the crossing and the timbers and that, while her foot and leg were between the timbers and crossing, she fell across the timbers and into the ditch.

The evidence showed the crossing to have been about twenty inches wide on the level or top part, with slanting aprons on either side thus :

" That the whole crossing was three feet, five inches wide. That the ditch was near the sidewalk and ran

with the street, operating as a gutter to carry off water, and that its bottom was from fourteen to nineteen inches below the top of the crossing. And that some scattering timbers were left in the street alongside of and near the crossing at this point." The testimony of plaintiff herself as to the accident was that she was walking on the crossing and that she slipped because of it being wet; that she slipped on the level part of the walk and not on the *slanting part.* That she walked on the level part and did not step on the slanting part, nor did she step very close to it; that her foot went down between the crossing and timbers and she fell over backwards. Other evidence in her behalf showed her foot to have remained caught between the timbers and crossing as she fell.

An ordinance in relation to the width of sidewalks along the sides of the streets at and near this crossing was admitted over defendant's objection. The ordinance was for sidewalks only, and did not relate to crossings. We are not able to see what light this ordinance would throw on the question of negligence in the construction of a crossing. Its effect may have been to confuse the minds of the jury and to lead them to believe the crossing should have been of the same width as the walk.

Instruction number 1 for plaintiff based her right to recover on her injury resulting from slipping on the crossing and being "precipitated into a ditch." There was no evidence showing the injury to have resulted from falling into the ditch.

Instruction number 2, for the plaintiff, based her right to recover on her injury resulting from slipping and falling "among or on (the) timbers," notwithstanding the crossing was properly constructed. There was evidence tending to sustain this instruction.

We are unable to discover anything in the evidence, connected with the charge in the petition, tending to

show negligence on the part of defendant in construct-
ing the crossing. It is charged that it had "very
slanting aprons" on which plaintiff slipped. It is
apparent, of course, that these "aprons" were placed
on the sides of the crossing proper, in order to let
carriages and other vehicles over with as little injury
and inconvenience as may be, and that, instead of being
negligence in the city to so place them, it was prudent
it should do so. As to the width of the top part of the
crossing, there is nothing, whatever to indicate that it
was not ample to accommodate pedestrians, especially
a single one, in open day. The gutter or ditch of itself
was no inducement to plaintiff's fall and there does not
appear to be anything developed by the testimony to
show that it was negligence in the city to construct the
crossing across it. It was the drain on the side of the
street, which, at the bottom was perhaps not more than
ten or twelve inches below the surface of the street.

There was some reference made at different parts of
the testimony as to there being a slope or fall in the
crossing of two feet from one side of the street to the
other on account of the general topography of the street.
If this was intended as proof of negligence, it should
not have been allowed, for the reason that the particu-
lars of the negligent construction are set out in the
petition, and this is not one of them.  *Price v. Rail-
road*, 72 Mo.  And, furthermore, such slope or grade
in a sidewalk or crossing ought certainly not to be held
to be negligence when made necessary by the lay of the
ground or street.  *Schroth v. City of Prescott*, 63 Wis.
652; *Grossenbach v. City of Milwaukee*, 65 Wis. 31, and
cases cited. If sidewalks, crosswalks or streets are to
be required to be made level and without incline or
grade, regardless of the topography, but few towns or
cities could be built. The remark made as to this
branch of the case when it was here before was not in
the light of the evidence as to the nature of the ground,

as is now shown. The same qualification, for the same reason, will apply to what is said of the eleventh instruction in that case. If the crossing be not defective or improper, the fact that it is made temporarily slippery from natural causes, such as rain, will not be charged to the fault of the city. *Grossenbach v. Milwaukee, supra.*

Aside from these considerations, it appears that plaintiff did not slip by reason of the "aprons." She states she did not step very close to the apron, but that she slipped on the level part. Thus the particular cause of the accident as specified by plaintiff's petition fails of proof. It is evident from the testimony that the only matter of negligence to submit to the jury is that of leaving scantlings near to, and alongside of, the crossing, and that plaintiff's case is an accidental slipping on the crossing, whereby she fell on, or among, the timbers in such way as to work her an injury. The petition should be amended so as to set out the real cause of action as made by the testimony, that it may be distinctly seen what the complaint is.

We are of the opinion that, notwithstanding the crossing was properly constructed, if plaintiff, while in the exercise of ordinary care, accidentally slipped and fell into, among or upon timbers which had been negligently left along the side of, and so near, the crossing as to injure a pedestrian as the result of such accidental falling, the defendant would be liable, provided the injury would not have happened but for the presence of the timbers in such proximity to the crossing. *Palmer v. The Inhabitants of Andover*, 2 Cush. 600.

We are inclined to the opinion that slipping and falling off of a slippery walk, though properly constructed, is not one of those accidents whose occurrence is so rare, unexpected and unforeseen as to shut off a municipality's responsibility for negligently leaving dangerous material in such proximity as to cause injury from such accident.

This cause was here once before and may be found reported in 29 Mo. App. It was then remanded chiefly for the reason of improper conduct of the jury in only assessing plaintiff's damages at one dollar. On retrial, the jury appear to have gone somewhat to the other extreme and assessed her damages at two thousand dollars.

The judgment will be reversed, and the cause remanded. All concur.