BOSLER B. FOSTER, Respondent, v. GEORGE SWOPE, Appellant.

Kansas City Court of Appeals, May 12, 1890.

1. Judicial Notice: ADOPTION OF HOG LAW. Courts cannot take judicial notice of the adoption of the law restraining swine from running at large in a county.

2. Fences and Inclosures: APPLICATION OF STATUTE: NEGLIGENCE. The statute in relation to fences and inclosures prescribes a lawful fence as it relates to trespass upon fields and inclosures, and not as to accidents to cattle passing in the highway resulting from negligent construction.

3. **Negligence**: LIABILITY FOR FENCE ALONG HIGHWAY. A prop-prietor who negligently constructs and maintains a fence within four feet of the public highway, by reason whereof the plaintiff's mule in passing along the road is killed, is liable therefor unless excused by plaintiff's contribution to the injury.

4. **Contributory Negligence**: TURNING MULE LOOSE WITH KNOWL-EDGE OF DANGEROUS FENCE : JURY QUESTION. Plaintiff with knowl-edge of the dangerous condition of defendant's fence turned his mule loose to follow him along the highway. *Held*, it was not such an act as the judgment of all sensible men would condemn, and a court cannot as a matter of law declare it negligent, and it is, therefore, a question for the jury.

5. **Negligence**: USE OF HIGHWAY WITH KNOWLEDGE OF DEFECTS. No one is precluded from the highway by his knowledge of its defects, but such knowledge must be considered in passing on his care which must increase in proportion to his knowledge of the risk.

*Appeal from the Holt Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

REVERSED AND REMANDED.

*L. R. Knowles*, for appellant.

(1) The court erred in refusing to give defendant's instruction in the nature of a demurrer to plaintiff's evidence for the reason that the plaintiff's testimony clearly established the fact that he was guilty of culpable and gross carelessness, which was the direct cause of the injury, and further that he acknowledged the same at the time of the accident. *Boland v. Kansas City*, 32 Mo. App. 8; *O'Donald v. Railroad*, 7 Mo. App. 190; 86 Mo. 104, and authorities cited. (2) Even if it be conceded that the fence was constructed in a negligent manner and was not a lawful, statutory fence, yet, unless such negligence in the construction of the fence was the cause of the injury, the plaintiff cannot recover. *Stoneman v. Railroad*, 58 Mo. 503; 62 Mo. 562; 65 Mo. 22; 3 Mo. 375 and 300; 63 Mo. 417. Now if plaintiff's mule

had come in contact with a lawful, statutory fence, that is, such a fence as the law declares to be a lawful barbed wire fence, would not the same result have followed? (3) The court told the jury in the first or principal instruction given for plaintiff, in effect, that if the fence was anything less than a legal fence under the law in every particular (Session Acts of 1887, p. 194) then the defendant had no right or authority to build such a fence, and he was liable, or in other words such a fence was *per se* a nuisance. The absurdity of this proposition is too plain for comment. Further, this instruction failed to tell the jury that they must find that the injury occurred from the improper erection of the fence, or careless or negligent construction of the fence, and this question was not submitted to the jury at all, which is reversible error. *Brown v. Road Co.*, 89 Mo. 152; Shearman & Redfield on Neg. [8 Ed.] sec. 421; *Mathiason v. Mayer*, 90 Mo. 585. (4) In the first instruction asked by the defendant, and refused by the court, the jury are told that the defendant had a right to erect a two-wire fence along the road at any height, provided the same was erected in a reasonable manner. This, according to our understanding, is nothing more or less than the law, and in order to guard the jury against the error of believing because the fence was composed of only two wires and was less than four feet in height, it was, therefore, an unlawful fence, and a nuisance, and the defendant must necessarily be liable.

*T. C. Duncan*, for respondent.

(1) The court did not err in refusing to give defendant's instruction asked, in nature of demurrer to evidence, but properly refused the same. The evidence failed to show any negligence whatever of plaintiff that in any way contributed to the injury sustained, either directly or in any manner whatever. The most that could be claimed is that the question of contributory negligence should have been submitted to the jury,

which was done. *Boland v. City of Kansas*, 32 Mo. App. 9; *Taylor v. Railroad*, 26 Mo. App. 336; *Petty v. Railroad*, 88 Mo. 306; *Leslie v. Railroad*, 88 Mo. 50; *Doss v. Railroad*, 59 Mo. 27; *Kelly v. Railroad*, 70 Mo. 607. (2) Neither of the rules invoked by appellant in his brief has any application to the case at bar. The act of turning a work mule loose to follow along the highway, under the facts and circumstances in this case, is not an act of such a character that the judgment of all men would condemn it; nor is it negligence which mingled with the negligence of defendant was the direct and efficient cause of the injury. The whole question was one for the jury. See authorities last above cited. (3) It is not contended that the erection of a barbed wire fence along the line of a public highway is in itself necessarily an actionable wrong, yet the manner in which it is constructed and maintained may be such as to make the party erecting and maintaining it guilty of negligence. And if the fence was not such as a good husbandman would construct or maintain, but was insufficient and dangerous in its character, and an animal passing along the highway accidentally strayed or ran into it and was injured, the party erecting and maintaining such fence certainly would be liable. *Beck v. Carter*, 68 N. Y. 283; *Graves v. Thomas*, 95 Ind. 362; *Lisk v. Crump*, 112 Ind. 504; *Lisk v. Crump*, 14 N. E. Rep. 381, and cases cited; *Loveland v. Gardner*, 21 Pac. Rep. 766; *Fink v. Furnace Co.*, 10 Mo. App. 69. (4) Under our statutes plaintiff had the right to turn his mule loose on the public highway and allow him to run at large; and while defendant might erect and maintain a barbed wire fence by statute, he was bound to see that it was not made a trap for straying or passing animals. If it is conceded, as claimed by defendant, that a lawful barbed wire fence is dangerous in its character, as well as one improperly constructed, then defendant had only the right to build such a barbed

wire fence as the statute prescribes, and a barbed wire fence built any other way is *per se* a tort, and the defendant liable for damages resulting therefrom. *Lisk v. Crump*, and *Loveland v. Gardner*, *supra*. (5) It is submitted, that if defendant had negligently built and maintained any kind of a fence along the public highway dangerous in its character—not authorized by law, and plaintiff's mule had become accidentally entangled in it while lawfully in, or passing along, such highway, and had been injured or killed thereby, the defendant would have been liable for damages sustained. *Young v. Harvey*, 16 Ind. 314; *Birge v. Gardner*, 19 Conn. 507; *Durham v. Musselman*, 18 Am. Dec. 133; *Railroad v. Allen*, 22 Kan. 236; *Powers v. Harlow*, 19 N. W. Rep. 259; *Railroad v. Hudson*, 62 Ga. 680; *Jones v. Nichols*, 46 Ark. 207. (6) The court did not err in refusing defendant's instructions. See authorities cited. It was not contributory negligence for plaintiff to voluntarily turn his mule loose upon the public road to go at will, for he had the legal right to do so. *Gorman v. Railroad*, 26 Mo. 441; *Busby v. Railroad*, 81 Mo. 43. (7) The court did not err, but properly submitted the question of the dangerous character of the fence, and the prudence and care, or want of care and negligence, of the plaintiff in conducting and managing his mule in and along the highway, to the jury. *Jennings v. Wayne*, 61 Me. 468; *Bennett v. Hazen*, 33 N. W. Rep. (Mich.) 876; 1 Addison on Torts [Wood's Ed.] secs. 34, 35, pp. 38-45, and notes; *Lindsey v. Danville*, 45 Vt. 72; *Walsh v. Railroad*, 52 Mo. 434; *Boland v. Kansas City*, 32 Mo. App. 8.

ELLISON, J.—This action is for damages caused by the killing of a mule which happened, according to plaintiff's evidence as a witness in his own behalf, in the following way: "I am plaintiff. Live near Fortescue, this county. Know George Swope, and where

his farm is. Public road running along his farm east and west, on north side by Walnut Grove schoolhouse. Had been to Doctor Minton's threshing. Started home—took harness off my mules, put halter on one, tied it upon his neck and turned him loose—got on other mule and rode. Dell Newland and Thomas Bush was with me. The mule followed along after us. When we got to schoolhouse he laid down and rolled in road, then got up, came in little gallop up to us, and went past us like, and went out and ran into the wire ; got straddle of it, and ran up the wire about fifty or sixty feet before it got off. Then ran up road and stopped. I put my hand up between his forelegs and shoulder. I could feel joints of leg and shoulder. The meat, flesh, cords and veins were all cut and torn off. It died in fifteen or twenty minutes. Mule was worth one hundred and fifty dollars. Swope put up fence that summer of two wires on trees along road ; highest wire three and one-half feet from ground, other one sixteen inches below it. Where mule got on wire, trees were over one hundred feet apart ; no posts or anything between trees, and wire sagged nearly to the ground. I went there next day, and know there were no posts or stays between the trees, and both wires were on the ground for twenty-five or thirty feet or more. Were some posts on west end of fence, but none on east end. The wire was just put on trees. Did not leave bridle on mule, only a halter. Mule would sometimes jerk loose from me when I led him, and several times pulled me off ; that is the reason I turned him loose ; he was good to follow. No, he did not run and jump into the fields along the road. Stopped sometimes to eat grass. He stopped to roll in road, and then came up in a little gallop ; went to pass me and ran into the wire. No, he was not bad to jump. Was gentle and would always follow well. I said at one time if I had not turned him loose it would not have happened. It was between sun-down and dark when I started for home that night.

Dell Newland and Mr. Bush was with me. They had their team and did not turn their mules loose. I went by the road that morning and saw the fence. Often passed along that road. Live about a mile and a half west of Swope's. Knew all about the fence when I turned the mule loose." It further appeared that the fence was built four feet in on defendant's land. There was evidence in defendant's behalf contradicting the evidence for plaintiff as to the manner in which the fence was constructed, and as to its condition.

Defendant asked an instruction at the close of plaintiff's case in the nature of a demurrer to the evidence, which was refused. The court gave at plaintiff's request the following instruction: "The jury are instructed, that if they believe from the evidence that the defendant erected and maintained a barbed wire fence along the line, upon the side of the public road; and they further believe that said fence was composed of two wires only, that said wires were suspended or fastened to trees of a greater distance than sixteen feet from each other, and no posts firmly set in the ground were placed between the trees, and the wires were not tensely stretched, but sagged between the trees, and that said wire fence so erected and maintained was dangerous, or likely to kill or injure such animals as a horse or mule, and they believe, from the evidence, that the plaintiff's mule, while the plaintiff was exercising or using ordinary care, that is, such care as an ordinarily prudent man would take of his own mule of like age and character under the circumstances, accidentally got upon or entangled in said wire fence, and was injured or killed thereby, you will find for the plaintiff, and assess plaintiff's damages at such sum as you may find from the evidence such mule was worth at the time, that is, the reasonable value of such mule."

I. This instruction should not have been given. It is evidently drawn under the idea that that part of section 5652, Revised Statutes, 1879, as amended by the

Laws, 1887, page 193, relating to counties which have adopted the law in relation to swine running at large, controls as to the character of fence which defendant should have built. We are not advised by the record that Holt county has adopted such law and we cannot take judicial notice of such matter.

But, if such proof was in the record, the instruction would still be erroneous from the fact that the statute in relation to fences and inclosures prescribes a lawful fence as it relates to trespasses upon fields and inclosures, and not as to accidents of the present nature. Defendant is not liable to plaintiff arbitrarily for not having performed a statutory duty, but his liability is to be governed by the law of negligence apart from the statute. If plaintiff's mule had been injured by running into, or upon, an ordinary rail or board fence, which did not fill the requirement of the statute as to fences and inclosures, it would not be supposed from such fact that a liability ensued. Such statute has nothing to do with a case of this sort. Such was the view taken by the supreme court of California in the case of *Loveland v. Gardner*, 21 Pac. Rep. 766, cited us by plaintiff. And such was also, undoubtedly, the view of the court in plaintiff's other principal case of *Lisk v. Crump*, 112 Ind. 504. The instruction should not, therefore, have embodied the statutory requirement of posts firmly set sixteen feet apart, with tensely stretched wires.

II. The foregoing cases of *Loveland v. Gardner* and *Lisk v. Crump*, and others cited by plaintiff, announce a rule which has never been sanctioned by the supreme court of this state. By those cases, a landowner, who leaves an unprotected excavation on his open land, is liable for injury to person or property incurred thereby. Such is not the law with us: *Hughes v. Railroad*, 66 Mo. 325, quoting and adopting language of Chief Justice GIBSON, which HENRY, J.,

says, in *Turner v. Thomas*, 71 Mo. 596, is an unanswerable argument in favor of the position.

There is, however, an exception to this rule which has always been recognized; and that is where the dangerous contrivance, of whatever kind it may be, is made, or placed, so near the highway "that a person walking upon it might, by making a false step, or, being affected by giddiness, or, in case of a horse or carriage way, might, by the sudden starting of a horse, be thrown into the excavation, it is reasonable that the person making such excavation should be liable for the consequences." *Hardcastle v. Railroad*, 4 Hurl. & N. 67; *Barnes v. Ward*, 9 C. B. 392; *Beck v. Carter*, 68 N. Y. 283; *Gramlich v. Wurst*, 86 Pa. St. 74. This qualification is adopted also in this state. *Fairgrieve v. City of Moberly*, 39 Mo. App. 31; *Buesching v. Gaslight Co.*, 73 Mo. 219. From the cases just cited it would appear that the evidence being undisputed as to the distance of the fence from the highway, it was a matter for the court to determine whether it was substantially adjoining the highway. And we feel that it is proper to declare, under the evidence in the case, that the fence was adjoining the public highway, and that, conceding it was negligently constructed and maintained, defendant would be liable for the loss of the mule, unless he be excused by the plaintiff's contribution to the injury.

III. Having determined that there was no duty owing to plaintiff requiring defendant to have erected a statutory fence, but that there is a liability if he has erected a fence such as that a prudent husbandman would not maintain *at such a place*, although upon his own land, we are brought to the question of contributory negligence, which was urged below, and again by counsel in oral and printed argument at this bar. The only legal reason for holding defendant liable would be upon the ground that his act of negligence was such

that it might be reasonably expected that an accident of the kind would probably occur as the result of such negligence. It would be but just for the triers of the fact to apply the same rule to plaintiff. If his act in unharnessing his mule, turning it loose and permitting it to follow without control was, in the belief of the jury, negligence directly contributing to the injury, no recovery can be had, notwithstanding defendant's negligence. "When there has been mutual negligence, and the negligence of each party was the proximate cause of the injury, no action whatever can be sustained." *Oglesby v. Smith*, 38 Mo. App. 67. Plaintiff lived near by and was familiar with the fence and its condition, when he turned the mule loose with the intention that it should pass along the bordering highway. Now, if the probable consequence of the careless and negligent construction of the fence is that animals may become entangled therein, and defendant is to be charged with a knowledge that such probable consequences may result, so plaintiff ought to be charged with a knowledge that such result may happen from his turning the mule loose to follow him along the highway. It would then be a case of mutual negligence, for which no action would lie to either party. But we cannot say, as a matter of *law*, that this act of plaintiff's was negligence. It was not such an act as the judgment of all sensible men would condemn, and, when it is such an act about which prudent men would differ, it is a question for the jury. *Boland v. City of Kansas*, 32 Mo. App. 8 ; *Taylor v. Railroad*, 26 Mo. App. 336.

In the foregoing remarks we have not overlooked the rule that one is not to be precluded from the use of a highway merely by his knowledge that it is defective. *Buesching v. Gaslight Co.*, 73 Mo. 219 ; *Smith v. St. Joseph*, 45 Mo. 449. But this must be understood with the proviso that he uses ordinary care, which is a relative term ; and, when he has knowledge of the defect,

such knowledge is to be considered in passing on the question of ordinary care. Accordingly, in proportion as the risk of injury increases, of which he has knowledge, must his care and diligence, to avoid injury, be increased. Beach on Contributory Neg. 259 ; 2 Thompson, Neg. 1205 ; *Pennsylvania Ry. Co. v. McTighe,* 46 Pa. St. 316; *Crumptin v. Inhabitants of Solon,* 11 Maine, 335 ; *Jacobs v. Bangor,* 16 Maine, 187 ; *Koch v. Edgewater,* 14 Hun. 544.

The judgment will be reversed, and the cause remanded. All concur.