SARAH J. PLUMMER, Respondent, v. CITY OF MILAN, Appellant.

Kansas City Court of Appeals, December 5, 1898; April 3, 1899.

1. **Evidence**: AGGRAVATION OF PERSONAL INJURY: QUESTION OF FACT: DAMAGES. In an action for personal injury to an arm, the plaintiff may show the condition of such arm at the time of the trial, and if the injury has been aggravated by the plaintiff's neglect, that, as a matter of defense, may be shown in reduction of damages.

2. ———: PERSONAL INJURY: IDENTIFICATION OF PLANK IN SIDEWALK. Certain testimony relating to the condition of a plank first observed some days after the injury and which is identified as part of the sidewalk where the injury occurred, is held admissible.

3. ———: TESTIMONY AT FORMER TRIAL: DISCRETION OF COURT AS TO EXTENT OF CROSS-EXAMINATION. Held, in this case, the court did not abuse its discretion in reference to the extent of cross-examination in refusing to permit witness to answer certain questions relating to the truth of his testimony on a former trial, since no injury appears to have resulted from its action.

4. **Instructions**: COMMON ERROR: CONTRIBUTORY NEGLIGENCE. Where the instructions of both parties contain the same error in relation to contributory negligence, no advantage can be taken thereof.

5. ———: NEGLECT AND AGGRAVATION OF PERSONAL INJURY: EVIDENCE. Where there is no evidence showing plaintiff guilty of negligence in the treatment of an injury, no instruction as to the effect of such negligence in the reduction of damages is required.

6. **Damages**: INSTRUCTION: DUTY OF DEFENDANT. An instruction on the measure of damages is approved and it is held if defendant cared for more specific directions he should have requested the same by proper instruction.

7. **Negligence**: LEAVING SIDEWALK: QUESTION OF FACT: INSTRUCTION. Whether it be negligence to leave a sidewalk to cross the street at a point other than the public crossing, is a question of fact to be determined by the jury, and the court by instruction may not declare it to be negligence *per se*.

*Appeal from the Chariton Circuit Court.*—HON. W. W.
RUCKER, Judge.

AFFIRMED.

Jos. W. CHILDERS and W. H. CHILDERS for appellant.

(1)  The plaintiff was allowed to testify over the objec-
tion and exceptions of defendant and show what was the con-
dition of her arm at the time of the trial.   The ground of
objection to this evidence was that she had failed to have the
arm properly treated after the injury, in fact she says she
never had the broken bones set.   Jones on Neg. Mun. Corp..
sec. 256, p. 518.   (2)   The plaintiff was allowed to read in
evidence, over the objections and exceptions of defendant,
the depositions of T. H. Booth and Chas. T. Overstreet.
One of the questions in the case was whether or not the board
exhibited to the jury was the board upon which the accident
occurred.   (3)   Where illegal testimony is admitted, the
effect of which can not be determined, the judgment must be
reversed.   Weil v. Posten, 77 Mo. 284; State v. McCanon,
51 Mo. 160.   (4)   The evidence thus elicited, being mate-
rial, the court committed error in excluding it and the case
should be reversed.   Chaffee v. Railway, 64 Mo. 193.   The
object of obtaining this evidence was to ascertain the truth,
and under reasonable rules nothing should be excluded which
will throw light upon the subject.   Crabtree v. Vanhoozier,
53 Mo. App. 405.   The fact that witness did so testify at the
former trial, it seems to us, under the ruling of our courts,
shows the materiality of the evidence. Kraxberger v. Roiter,
91 Mo. 404.   (5)   The court erred in declaring the law as
asked in plaintiff's instructions, number 1 and 2.   Carder v.
Primm, 60 Mo. App. 423; Mallmann v. Harris Bros., 65 Mo.
App. 127; Carroll v. Railway, 60 Mo. App. 465; Carpenter v.
McDavitt & Cottingham, 53 Mo. App. 393; Russell v. Inhab-

itants, 74 Mo. 480; 7 Am. and Eng. Ency. of Law [2 Ed.], p. 452; Jones on Neg. Mun. Corp., sec. 255, p. 515; Beach on Contributory Neg. [2 Ed.], sec. 69; Jones v. Railway, 28 Mo. App. 28; Davenport v. Hannibal, 108 Mo. 471; Fay v. Parker, 16 Am. Rep. (N. H.) 287.   (6)   The court erred in refusing to declare the law as asked by defendant in its instructions, numbers 1, 3, 6 and 7.   Jones on Neg. Mun. Corp., sec. 256, p. 518; sec. 555, p. 515; Carder v. Primm, 60 Mo. App. 423; Carpenter v. McDavitt & Cottingham, 53 Mo. App. 393; Russell v. Inhabitants, 74 Mo. 480; Jones v. Railway, 28 Mo. App. 28; Davenport v. Hannibal, 108 Mo. 471; Fay v. Parker, 16 Am. Rep. (N. H.) 287; 7 Am. and Eng. Ency. of Law [2 Ed.], pp. 452, 456; Standfield v. Loan Ass'n, 53 Mo. App. 595; Friesz v. Follan, 24 Mo. App. 439; Spohn v. Railway, 87 Mo. 74; Lionberger v. Pohlman, 16 Mo. App. 392; Borgraefe v. Knights of Honor, 22 Mo. App. 127; Empey v. Cable Co., 45 Mo. App. 422; Payne v. Railway, 136 Mo. 563.

WILSON & CLAPP for respondent.

(1) It is not true, as asserted by the appellant, that the trial court committed error in admitting improper and incompetent evidence.   (2)   Neither did the trial court err in excluding proper, competent and material evidence offered by the appellant.   Holliman v. Cabanne, 43 Mo. 570; Strauss v. Meertief, 64 Ala. 299.   (3)   The trial court did not err in declaring the law as laid down in plaintiff's instructions 1 and 2.   Caton v. Sedalia, 62 Mo. App. 227; Bigelow v. Railway, 48 Mo. App. 367; Gorham v. Railway, 113 Mo. 408; Briton v. St. Louis, 120 Mo. 437.   (4)   The trial court did not commit error in refusing defendant's instructions numbered 1, 3 and 6.   We will consider each of these instructions separately.   Higgins v. Railway, 43 Mo. App. 547; Alcorn v. Railway, 108 Mo. 81; Franke v. St. Louis, 110 Mo. 516; Jones v. Packet Co., 43 Mo. App. 398; Culberson v.

Railway, 50 Mo. App. 556; Wylie v. Waddell, 52 Mo. App. 226; Baker v. Railway, 52 Mo. App. 602.

SMITH, P. J.—This is an action which was brought by the plaintiff against the defendant to recover damages for personal injuries occasioned by the negligence of the latter. There was a trial which resulted in judgment for plaintiff and the defendant has appealed.

I.   The defendant contends that the trial court erred in its action permitting the plaintiff to show the condition of her arm at the time of the trial, for the reason that she had neglected to have the same properly treated after the injury.   Undoubtedly it was the duty of the plaintiff after the happening of the injury to exercise ordinary care in having the same treated, to the end that a cure be effected.   Whether plaintiff did exercise such care was an issue of fact.

EVIDENCE: aggravation of personal injury: question of fact: damages.

The assumption that the plaintiff was guilty of negligence was one of fact and raised no legal objection whatever to the admission of the testimony just referred to.   If the plaintiff by her own negligence aggravated the injury or increased the damages, it was competent for the defendant, as a matter of defense, to show this in reduction of the *quantum* of damages to which she would otherwise be entitled to recover.   But this fact afforded primarily no ground for the exclusion of plaintiff's testimony tending to show the nature, extent and duration of the injury.   The testimony, we think, was clearly admissible under the allegations of the petition.

II.   The defendant further objects that the court erred in permitting the plaintiff to read in evidence the depositions of the witnesses Booth and Overstreet.   These witnesses testified that they had first seen the board, exhibited to them at the time of taking their depositions, about a week after the hap-

——; personal injury: identification of plank in sidewalk.

Plummer v. City of Milan.

pening of plaintiff's injury, at the law office of the plaintiff's attorneys. They testified as to its then physical appearance. The board was identified by other witnesses as being the one in the defendant's sidewalk which caused the plaintiff's injury. This testimony tended to prove that the board was broken before the plaintiff stepped on it. It was a constitutive fact of the plaintiff's case, which she had a right to prove.

III. It appears that the plaintiff had testified at a former trial of the case. She was asked by defendant, on cross-examination, whether or not at that trial she had not testified that she stepped on the board when it broke and she fell. Her reply was that she did not remember all that she then testified. Defendant then asked her whether if she then testified that she stepped on the board and it broke, it was not true. To this question the plaintiff's counsel objected, which objection was by the court sustained.

*——: testimony at former trial: discretion of court as to extent of cross-examination.*

The plaintiff's testimony, taken at the former trial and preserved by the bill of exceptions, was read in evidence to the jury. She was subjected by defendant's counsel to an extended cross-examination at the second trial as is disclosed by the record now before us. Whether or not there was a substantial variance in her testimony so given was a matter to be left to the jury under proper instructions to determine in passing upon the credibility of the witnesses and the weight to be given to their testimony. The court might, in the exercise of its discretion as to the length to which it may allow the cross-examination of a witness to go, have very properly allowed the question propounded to the plaintiff to be answered, but we discover no abuse of its discretion or injury that could have resulted to the defendant by reason of its refusal so to do.

IV. The plaintiff's first instruction in effect told the jury that if they believed that one of the boards of the side-walk at the place where plaintiff claims to have been injured was broken and that by reason thereof the walk had become in an unsafe condition for travel and that the defendant's officers whose duty it was to keep the walk in repair knew, or by the exercise of ordinary care and diligence might have known, of its unsafe condition in time to have repaired it, and that while the plaintiff was walking along said walk, she stepped on such broken board, and was thereby and by reason thereof thrown down without any fault or want of ordinary care on her part and was injured thereby, then they must find for plaintiff.

INSTRUCTIONS: common error: contributory negligence.

This instruction is subject to the same criticism as that in Richardson v. Marceline, 73 Mo. App. 361, but in this case as in that a similar error is contained in the defendant's second, so that the error may be said to be common to both plaintiff's and defendant's instructions. It plainly advised the jury that even though they found there was a defect in the defendant's sidewalk which occasioned plaintiff's injury, yet she could not recover if it appeared from the evidence that at the time of the receipt of the injury she was not herself exercising due care in the use of the said sidewalk and therefore the defendant's theory of contributory negligence was fairly submitted to the jury.

It is true that neither this nor any other instruction given by the court informed the jury that in estimating the plaintiff's damages they could take into consideration any negligence of plaintiff in the treatment of her arm. As it does not appear from the evidence that the plaintiff was herself guilty of negligence in the treatment of her arm, we can not perceive that the court was at fault in

——: neglect and aggravation of personal injury: evidence.

Plummer v. City of Milan.

refusing to give such an instruction and especially so since none such were requested by the defendant.

The plaintiff's injuries were of a serious and permanent character. It appears that her wrist was broken. Her ankle was injured and that uterine hemor-rhages had supervened. She was in an advanced state of pregnancy. Her physician, who visited her two hours after the accident, found her arm so much swollen that the fracture could not then be reduced. Bandages, splints and embrocations were prescribed and applied but the swelling continued until bone union took place leaving a deformity and imperfect action of the wrist and elbow. While there was no expert testimony given in the case it seems that the inference to be fairly made is that the continued swollen condition of the plaintiff's arm, together with her state of pregnancy, were the causes of the delay in adjusting the fracture until after bone union had occurred. The testimony of no witness was to the effect that the treatment was unskillful or that the plaintiff was negligent in respect thereto.

*DAMAGES: instruction: duty of defendant.*

The testimony appears to have been sufficient to justify the action of the court in giving the plaintiff's second instruction informing the jury that they were authorized in estimating the damages to take into consideration the physical pain the plaintiff had suffered, if any, the mental anguish endured by her, if any, as well as the physical pain and mental anguish, if any, she would suffer in the future as a direct result of her fall on the sidewalk, if they found she did fall, etc. It is to be observed that this instruction restricted the finding to the direct result of her fall. It, by the clearest implication, forbade them to allow damages for any aggravation of her injuries resulting from her negligence or improper treatment, or for any pain and anguish that she would suffer by reason thereof. If the defendant had cared for more specific directions in this regard it should have, by

an instruction requested the same.    Jones v. Packet Co., 43 Mo. App. 398.

Nor is it perceived that the court erred in refusing the defendant's third instruction which, in substance, informed the jury that if at the time of the receipt of the injury by plaintiff she was attempting to leave the sidewalk at a point other than at a public crossing of the street and that in so attempting she received the injury, then she was guilty of such negligence as would preclude a recovery.    We are not aware of any case in this state or elsewhere that has gone to the extent of holding it to be negligence *per se* in a pedestrain who is injured while passing from a sidewalk into a public street with the view of crossing the same at a point other than at a public crossing.    It was a question for the jury to determine from all the evidence whether or not the plaintiff in attempting to leave the sidewalk with the view of crossing the street at a point other than at a public crossing was in the exercise of due care or acted negligently.    The law does not pronounce the plaintiff's act negligent, neither did it pronounce such act prudent.    Boland v. City of Kansas, 32 Mo. App. 8; Bassett v. St. Joseph, 53 Mo. 303; Loewer v. Sedalia, 77 Mo. 444.    This instruction was properly refused.

Nor did the court err in refusing the defendant's sixth instruction for the reason there was no evidence to authorize the giving of the same.

An examination of the whole record has not disclosed that the trial court has committed any error prejudicial to the defendant, and it therefore results that the judgment must be affirmed.    All concur.