## ANDREW JOHNSON, Appellant, v. P. F. SCOTT, Respondent.

Kansas City Court of Appeals, November 16, 1908.

1. **MALICIOUS PROSECUTION: Civil Action: Road Tax: Overseer: Pleading.** Defendant as road overseer sued the plaintiff for his poll tax and on the latter's appeal to the circuit court dismissed the case. Thereupon the plaintiff brought this action for malicious prosecution, charging that the defendant knew plaintiff was not an able-bodied man. The evidence showed that plaintiff had no certificate of exemptions in force when the suit was brought for the road tax and showed that he waived being listed by the road overseer, since he sought a discharge for the obligation and failed to get it. *Held*, the demurrer was properly sustained.

2. ———: ———: ———: **Road Law: Local Option: Judicial Notice.** The road law on which this proceeding is based is a local option law and its adoption by the county must be averred and proven, since the court, while taking judicial notice of the statute, can not take such notice of its adoption.

133 App—44

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* .Judge.

AFFIRMED.

*W. N. Doyle* and *Higbee & Mills* for appellant.

(1) Plaintiff's amended petition stated a good cause of action, and the court erred in excluding the evidence offered by plaintiff tending to prove the allegations of said petition. Laws 1901, sec. 9696n. (2) The court erred in holding that the fact plaintiff had no certificate of exemption at the time Scott brought suit before the justice was fatal to plaintiff's case. By section 9696n, the county court may grant such certificate only to one listed as able-bodied. (3) The overseer having recovered judgment by fraud against plaintiff before the justice cannot shield himself behind that judgment. Fiver v. Lowery, 59 Mo. App. 96; Crescent City v. Slaughter House Co., 120 U. S. 141; Spring v. Besore, 12 B. Mon. (Ky.) 551; Thomas v. Muehlman, 92 Ill. App. 575; Gilmore v. Mastin, 115 Ill. App. 46; Swepson v. Davis, 109 Tenn. 109; Lawrence v. Cleary, 88 Wis. 473; Murphy v. Ernst, 46 Neb. 1. (4) If the action was commenced or continued maliciously, and without probable cause, plaintiff was entitled to recover. It was expressly alleged that defendant so continued to prosecute the action in the circuit court after the appeal, and afterwards voluntarily dismissed the action. Finley v. Company, 99 Mo. 563; Christian v. Hannah, 58 Mo. App. 47. (5) It is well settled that an action for damages will lie for the malicious prosecution of a civil action, without arrest, or the seizure of property. Smith v. Burrus, 106 Mo. 94; M'Cormick Co. v. Millan, 56 L. R. A. 338.

*Raleigh & Dorian* and *Beal & Shirley,* for respondent, filed argument.

ELLISON, J.—Plaintiff's petition is founded on the malicious prosecution of a civil action. The defendant had judgment in the trial court.

It appears that defendant was a road overseer of one of the road districts in Knox county, and that he instituted suit before a justice of the peace against this plaintiff for two dollars alleged to be due as a poll tax under the road law. The justice rendered judgment against this plaintiff for the tax and he appealed to the circuit court of Knox county. The petition alleges that while the case was pending in that county the defendant voluntarily dismissed it and plaintiff was discharged. Thereafter this action was begun in the circuit court of Knox county for malicious prosecution. Plaintiff then took a change of venue to Adair county where judgment was rendered for the defendant as already stated. The ground upon which malice is alleged is that defendant knew when he instituted the action for the poll tax before the justice that plaintiff was not an able-bodied man and therefore knew he was not liable to the tax. The statute of 1901, p. 239, section 9696i, declares that "all able-bodied men between the ages of twenty-one and fifty years having resided in the district one month shall be subject to a poll tax to work on the public roads." Section 9696k, makes it the duty of the road overseer to notify each resident poll taxpayer of his district at the time he first warns him out to work, of the amount of his tax, and give him an opportunity to pay the same in money if he so elects. Section 9696n requires the overseer to make a list of all "able-bodied male persons" in his district and file it with the clerk of the county court. And that the county court may "on sufficient proof" grant a certificate of disability to any one so listed, which will exempt such person from the poll tax. Section 9696x provides that the law may be adopted by the county court of any county by an order of record to that effect.

When the cause was called for trial in the circuit

court of Adair county the plaintiff admitted that the judgment in the justice's court was for the defendant, and that he did not have a certificate of exemption at the time he brought this action. The bill of exceptions recites that "He then offered evidence tending to support the allegations of his amended petition and that on November 17, 1905, the Knox county court gave him a certificate of exemption, which was rescinded at defendant's suggestion on the same day." The court sustained an objection to this offer of evidence and plaintiff thereupon took a nonsuit with leave. The motion to set aside such nonsuit was overruled and plaintiff appealed.

From the foregoing it appears that while plaintiff obtained a certificate of exemption from the county court, it was set aside and annulled the same day, thus leaving him without such certificate. He was therefore, on his own showing, liable to the tax and the foundation of his action as stated in his petition was destroyed. He attempts to avoid this by the fact that he alleged in his petition that defendant never listed him as an able-bodied person as required by statute. But he shows that he waived such duty by seeking a discharge from the obligation as a taxpayer and failing to get it.

In addition to this, his petition shows him to be without legal standing. The road law upon which it is founded is an option law, only becoming operative by being adopted by the county court, and there is no averment that it was ever so adopted. We may take judicial notice of the law, but we cannot take such notice of its having been adopted in any particular county. That is a matter of allegation and proof. [Foster v. Swope, 41 Mo. App. 137.]

The judgment is affirmed. All concur.