HARRINGTON *et al.*, *Appellants*, v. THE CITY OF SEDALIA.

1. **Appellate Practice**: INSTRUCTIONS. Parties cannot usually maintain objections, in the supreme court, to instructions embodying the principles they themselves asserted in the trial court.

2. —— : ——. Where, on a plaintiff's appeal, an instruction for the defendant required the jury to find more facts than were necessary to a defense, it is unnecessary to inquire whether the additional matter would, of itself, preclude a recovery.

3. —— : ——. Where any vagueness there may have been in a defendant's instruction is relieved by fuller information in plaintiff's instruction, there is no ground for complaint.

4. —— : ——. Instructions should be read as a whole and where they thus fairly present the law, a judgment will not be reversed on account of the incompleteness of some particular one.

5. —— : ——. An objection to an inconsistency in a defendant's instruction is not tenable when the same inconsistency is contained in those given for plaintiff.

6.   Witness: HUSBAND AND WIFE.   Where the wife is the substantial plaintiff, and no showing is made bringing the husband within any of the exceptions in the statute, he is properly excluded from testifying.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

PLAINTIFFS are husband and wife.   Their claim is for personal injuries to Mrs. Harrington caused by a defective plank walk in a street in Sedalia.   The defense asserts her contributory negligence and that the place where the injury occurred was not part of the public highway.

An addition to the city had been laid out by plat, approved by the municipal authorities and recorded by the land-owner.   It represented the place in question as part of a dedicated street.   Whether or not the city had opened it to public travel, before the plaintiff was injured, was an important issue in the case upon which the evidence was conflicting.

At the trial the court gave a number of instructions, some of which, with other material matters, will be noted in the opinion.

A   verdict   for   defendant   resulted.   Plaintiffs appealed.

*E. J. Smith* and *W. R. Aldrich* for appellants.

(1) It is not competent for the city authorities, after having accepted the plat of the addition, duly laid out and recorded, as in this case, thus making Eleventh street at the place in question one of the streets of the city, by simply omitting to do or cause to be done by ordinance, any work on said street at that place, to rid the city of any responsibility on account of any dangerous erection that the adjoining property-owners may

put upon said street. The city is liable, under proper restrictions, for the condition of the sidewalk, whether the same was put there by the city or by its direct command, or was put there by the adjoining owners, and permitted by the city. *Oliver v. City of Kansas*, 69 Mo. 79 ; *Streeter v. City of Breckenridge*, 23 Mo. App. 244 ; *Salisbury v. City of Ithica*, 94 N. Y. 27 ; *Haire v. City of Kansas*, 76 Mo. 438 ; *Carrington v. City of St. Louis*, 89 Mo. 209. (2) It was not proper to submit to, the jury, as was done by the first instruction for defendant, the question whether Eleventh street, where the injury occurred, "was then and there necessary for the convenience and use of the traveling public," or had or had not been opened for the convenience and use of said public, nor was it proper to instruct the jury as in defendant's third, fourth, and sixth instructions, "that if the street at that place had not been opened by the city, and was not usually traveled by the public, and the city had never constructed at that place a sidewalk so as to induce plaintiff to pass there, but that the property-owner had only placed there a few planks for his own convenience, then said planks did not constitute a sidewalk and defendant was not required to keep the same in repair, and the verdict should be for defendant." *Brennan v. St. Louis*, 92 Mo. 482 ; *Blake v. St. Louis*, 40 Mo. 569. (3) It was error to instruct the jury, as was done by defendant's fourth instruction, that "if there was sufficient and ample room in said street so that plaintiff could have passed with ease and safety without walking on said planks ( walk ) then she cannot recover." *Oliver v. Kansas City*, *supra*. (4) It was error to instruct the jury, as in defendant's fifth instruction, "that no matter who put the walk there, and no matter whether it was a public and opened street or not, yet if plaintiff knew, or by diligence could have known of the defect in the walk, then if there was room for her to have passed in the street and kept off the walk, it was

negligence for her to go on the walk, and she cannot recover." It is the duty of the city and not the passerby to take notice of defects in the sidewalk. *Squires v. City of Chillicothe*, 89 Mo. 226, and other cases cited therein; *Smith v. St. Joseph*, 45 Mo. 449. (5) It was error to instruct, as in defendant's first instruction, "that unless the city had actual notice of the defect in the walk, and thereafter negligently failed to repair it, the city is not liable." *Yocum v. Town of Trenton*, 20 Mo. App. 489; *Carrington v. the City of St. Louis*, 89 Mo. 209; *Stephens v. the City of Macon*, 83 Mo. 345. The act of him who put the walk there was the act of the city, and defendant is bound without notice. *Bonnie v. City of Richmond*, 75 Mo. 437. (6) The instructions given for defendant conflict with those given for plaintiff, and a new trial should be granted on that account. (7) It was error to exclude plaintiff Edward Harrington as a witness.

*Louis Hoffman* for respondent.

(1) Instructions in a case must be taken and considered as a whole. And the instructions given at the request of plaintiff certainly state the law very strongly, and cover and correct any possible error or omission contained in them given at the request of defendant. *Fitzgerald v. Hayward*, 50 Mo. 516; 52 Mo. 35; 55 Mo. 476. Plaintiffs' first instruction plainly told the jury that actual notice was not absolutely necessary, but that notice might be inferred. (2) Plaintiff, Mary Harrington, was the real substantial party, and her husband, Edward, was therefore not a competent witness in her behalf. *Joice v. Branson*, 73 Mo. 28.

BARCLAY, J.—I. Plaintiffs complain of the action of the court in submitting to the jury by an instruction the question whether the street where the injury

occurred "was then and there necessary for the convenience and use of the traveling public," and in repeating that idea in other instructions given for defendant.

This objection loses whatever force it might otherwise have when it is noted that the court approved the same theory at the instance of plaintiffs themselves.

We find recited in the fifth instruction for plaintiffs, among the facts necessary to a recovery, the following:

"And if the public convenience required a sidewalk on the north side of said portion of said street, then it was defendant's duty to maintain a sidewalk there in a safe condition for persons passing along the same; and if you find that defendant neglected so to do, and that plaintiff, in walking along said walk, at the time alleged, and in the exercise of reasonable care, fell and was injured because of such neglect, you will find for the plaintiffs."

Parties cannot usually maintain objections here to instructions embodying the principles they themselves asserted in the trial court. *Tetherow v. Railroad*, *ante, p.* 85.

II.   It is next claimed that the court erred in using certain language in defendant's fourth instruction. We will indicate it by italics to show the context.

"4.   If the jury believe from the evidence that the point where the alleged accident occurred in Eleventh street was at a point not usually traveled, and that the city had never opened said Eleventh street at that point for the convenience and use of the traveling public, and that the city had never laid down a sidewalk, but that the persons residing in said neighborhood had laid for their own use and convenience the planks mentioned by witnesses, and *that there was sufficient and ample room in said street at said point so that plaintiff could have passed with ease and safety said street and point, without walking upon or touching said planks*, yet that she nevertheless undertook to walk upon said planks, then

she cannot recover and your verdict will be for the defendant.''

This instruction required the jury to find many more facts than were necessary to a defense and among them those italicized. If "the city had never opened the street at that point for the convenience and use of the traveling public" it would be fatal to plaintiffs' case, according to their own theory. The instruction would have been good had it stopped at that point. Whether the added matter, of itself, would preclude a recovery is unnecessary to inquire.

III. Error is assigned on the court's declaration at defendant's instance, that prior notice to defendant of the defect in the sidewalk was a necessary fact to warrant a verdict for plaintiff. Any vagueness there may have been in that statement, standing alone, was relieved by the fuller information in plaintiffs' instruction to the effect that " if the jury believe from the evidence that said sidewalk was not in safe condition for use and travel thereon, and that it was permitted to remain so for such length of time as that, if said city and its officers had used ordinary care in observing the same, they would have known of its unsafe condition, then the city was bound to take notice of said unsafe condition.''

Plaintiffs have no tenable ground of objection on that score, for, in considering the two instructions together, the jurors would have a view of that subject quite as favorable to plaintiffs as the principles of law warrant.

IV. Nor is there just cause to complain of the instructions submitting the issue of contributory negligence. Taken together those given for plaintiffs and defendant fairly present the correct theory that if the plaintiff could have avoided injury by the exercise of ordinary care she should not recover. This idea was

expressed in several different forms, · some of which, if isolated from the rest, might be subject to criticism. But instructions should be read as a whole and, where they thus fairly present the law, a judgment will not be reversed on account of the incompleteness of some particular one.

V. It is suggested that there is a conflict in the instructions. One of those given on behalf of plaintiffs authorizes a verdict for them whether the street, at the point in question, was necessary for the convenience and use of the traveling public or not. On the other hand those given for defendant, make it essential to plaintiffs' case that the street was necessary for public travel there. This latter idea is also contained in one of plaintiffs' instructions as has been already mentioned. So whatever inconsistency there is in the instructions is contained in those given at the request of plaintiffs. They therefore cannot successfully assign it as error.

VI. The plaintiff husband was sworn as a witness but an objection by defendant to his competency was sustained. As the wife was the substantial plaintiff in the action, the husband was properly excluded from testifying under our statute on that subject, no showing having been made bringing him within any of the exceptions.

No error materially affecting the merits of the action to the prejudice of plaintiffs having been indicated, we affirm the judgment, BLACK and BRACE, JJ., concurring; RAY, C. J., absent, and SHERWOOD, J., expressing no opinion.