BELL SOWDEN, Respondent, v. S. F. KESSLER, Appellant.

| 76 | 581 |
| 90 | 626 |
| 76 | 581 |
| 101 | ²152 |

Kansas City Court of Appeals, November 7, 1898.

1. **Replevin:** SPECIAL INTEREST: BAILEE. A bailee may maintain replevin against all persons except the true owner, and even against him if he has a lien for services, advances, and the like.

2. **Trial Practice:** SUBMITTING CASE ON SIMILAR INSTRUCTIONS. Where appellant's instruction submits the case on a theory not variant from instructions of the respondent, he can not complain of the latter's instructions.

3. **Replevin:** BAILEE'S AUTHORITY: BAILEE'S HUSBAND: INSTRUCTIONS. A bailee has sufficient interest to accomplish the purposes of the bailment but such bailee can not otherwise bestow the property by sale, lease, pledge or other transfer, even to a *bona fide* person;—much less the husband of such bailee; and an instruction set out in the opinion is held properly refused.

*Appeal from the Buchanan Circuit Court.*—HON. R. E. CULVER, Judge.

AFFIRMED.

JOHNSON, RUSK & STRINGFELLOW and JAS. F. PITT for appellant.

(1) It being admitted that plaintiff has no title, she can not maintain this action. A mere possessory right, or a right founded upon a bare prior possession, conceding the wife in this case could have such, is not sufficient to maintain replevin, especially where defendant's possession is admitted to be lawful. Wright v. Richmond, 21 Mo. App. 76; McMahill v. Walker, 22 Mo. App. 170. Besides this, plaintiff, through her counsel, as well as by her own statements, claimed the title to be in her brother, and she could not recover.

Draper v. Farris, 56 Mo. App. 417; Stone v. McNealy, 59 Mo. App. 396. Defendant's demurrer to plaintiff's evidence should have been sustained. It was not waived by the introduction of testimony which in no respect altered the status of the case made out by the plaintiff, and which the demurrer challenges. Weber v. Railway, 100 Mo. 206; Price v. Barnard, 65 Mo. App. 649; McPherson v. Railway, 97 Mo. 253. (2) The first instruction for plaintiff is erroneous, for the reason that there was no evidence of a release of the lien. Mrs. Sowden's testimony is all that the record discloses upon the subject; and the second instruction was wrong, because it was immaterial whether Mrs. Sowden was personally liable for the bill or not.

Crow & Eastin for respondent.

(1) Respondent under the undisputed testimony is bailee and as such has a special, limited or qualified property in the chattels sufficient to maintain replevin. Cases cited by appellant are not in point. Lawson on Bailments, sec. 16. (2) In this case respondent claims to recover as bailee. If respondent could not recover there would be no protection to a bailee, unless the bailee can maintain this action he has no power to protect the property placed in his care against a wrongdoer, although held to a very high degree of care. Clark v. Ross, 27 Mo. 549; Summons v. Austin, 36 Mo. 307; Wells on Replevin, sec. 97. (3) The rule is that defendant must prove a better right to possession than the plaintiff or that defendant is the owner. Bayles v. Lefaivre, 37 Mo. 119; Wells on Replevin, secs. 109–116, 117–120–678; Stone v. McNealy, 59 Mo. App. 400. For duties and liabilities of respondent as bailee, see Clark v. Ross, 27 Mo. 549.

SMITH, P. J.—This is an action which was brought
to recover the possession of certain household goods.
There was a trial to a jury in the court below resulting
in a verdict and judgment for plaintiff and the defend-
ant appealed.   The defendant assigns as grounds for
reversing the judgment the action of the court in the
giving and refusing of instructions.  She insists that an
instruction in the nature of a demurrer to the plaintiff's
evidence should have been given.   This insistence we
can not sustain.

The undisputed evidence shows that while plain-
tiff's husband was the owner of the property sued for,
he gave a mortgage on the same to secure a note given
by him to plaintiff's brother for $400; that afterwards
being in great need of money he proposed to plaintiff's
brother that if the latter would advance him a certain
amount in cash he could take the property; that
plaintiff's brother thereupon advanced the amount re-
quested and took said property into his actual posses-
sion; that some time after he had taken the property into
his possession, the plaintiff, finding herself and hus-
band in very destitute circumstances, applied to and
obtained from him his consent for a loan of the prop-
erty to be used by her to furnish certain rooms which
she intended to occupy with her husband in the board-
ing house of the defendant.  The property was accord-
ingly removed and used for the purpose for which it
was loaned until the separation of plaintiff and her
husband.

This showing, we think, was sufficient to establish
the plaintiff's *prima facie* right of recovery.   The
plaintiff had a special interest in the prop-
erty.  She was the bailee of her brother
who had a general ownership.   It is ele-
mentary law that a general or special property in goods
taken is sufficient to maintain replevin.   And so a

REPLEVIN: spe-
cial interest:
bailee.

person in possession of goods as bailee may maintain the action against all persons except the true owner, and even against him if he has a lien for services, advances and the like upon it.   Cobbey on Replevin, sec. 133; Lawson on Bailments, sec. 15.

The defendant complains that the court further erred in giving the plaintiff's first instruction which in effect told the jury that if plaintiff and her husband were indebted to defendant for board and that defendant was holding the property in controversy for the payment of said indebtedness and that defendant agreed to release said property from such claim or the amount of said board bill in consideration that plaintiff, her mother and brother should continue to board with defendant, the verdict should be for plaintiff.   It is a sufficient answer to defendant's complaint to say that the second instruction asked by her and given by the court submitted the case on a theory not variant from that of the plaintiff's instruction just referred to.

TRIAL practice: submitting case on similar instructions.

The court refused for defendant an instruction to the effect that testimony that defendant released plaintiff personally from the debt due the defendant for board does not tend to show that the defendant released her lien upon said property.   The defendant herself testified that the plaintiff's husband at the time he left her house stated to her that she should hold said property, then in her house, until the $60 due by him for board was paid.   The plaintiff and her husband from that time forward continued to live apart. The property was left in the rooms vacated by plaintiff and her husband until this action was commenced.   The defendant allowed other guests to occupy the rooms so furnished after the plaintiff and her husband left.   The plaintiff obtained possession of the property from

REPLEVIN: bailee's authority: bailee's husband: instructions.

her brother under a mere gratuitous loan by him to her. Though the law gives the bailee an interest sufficient to carry out and accomplish the purposes of the contract which extends to the defense of the property by action against any and all persons who may interfere with it, yet this does not include the right to bestow it or make use of it in any way not evidently contemplated by the parties to the contract of bailment, and hence a bailee can not sell the goods so as to give title to the vendee nor lease, pledge or otherwise transfer them in contravention of the purpose of the bailment even to one acting *bona fide* and without notice of the bailee's *status*. The bailee's property, in the subject of the bailment, is therefore limited to a mere trust. Lawson on Bailments, sec. 17. If the plaintiff had no power to pledge the property how could her husband who was not even a bailee make a valid pledge of it to the defendant? It can not be that if A. loans his sister B. certain household goods for her comfort and convenience that while the same are in the latter's possession her husband can make a pledge of them for the payment of a debt due even for necessaries, and thus deprive her of the benefit and use of the property so loaned. There was no vendible property right in either plaintiff or her husband or in both of them in the subject of the loan, and hence there can not, as has been supposed, arise any question under "the married woman's act." It follows from these considerations that there was no valid lien on the property in favor of the defendant as pledgee. As there was no lien to release the instruction last referred to was properly refused.

As far as we have been able to discover the case was by proper instructions very fairly submitted to the jury and their verdict is conclusive. The judgment must be affirmed. All concur.