# JOHN T. MURPHY, Respondent, v. CENTURY BUILDING COMPANY, Appellant.

### St. Louis Court of Appeals, December 3, 1901.

1. **Landlord and Tenant: SUMMARY EJECTMENT OF TENANT WITHOUT A HEARING: FORFEITURE OF LEASE.** A forfeiture of a lease may be worked by a tenant violating its terms and he may be rightly evicted therefor, but it does not follow that the landlord may constitute himself judge and jury, decide the contract has been broken, declare a forfeiture and summarily eject the tenant without notice or hearing.

2. ———: ———: ———: **LOSS OF BUSINESS: DAMAGES: TORT.** A tenant, whose occupancy is ended by his landlord's tort, can recover for injury to his business or loss of profits caused

thereby, when such losses are proven with reasonable certainty to have been due to the landlord's act.

3. ——: ERROR: ASSIGNMENT OF: PRACTICE, TRIAL: PRACTICE, APPELLATE: INSTRUCTION. A party is not at liberty to assign for error an instruction given for his adversary, when his own exhibits the same fault, or expresses the same theory.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*R. L. McLaran* and *Geo. D. Harris* for appellant.

(1) A tenant who willfully, repeatedly and flagrantly violates the terms and conditions of his tenancy, forfeits his rights thereunder, and may lawfully be evicted by his landlord. 11 Am. and Eng. Ency. of Law (2 Ed.), p. 468; Smith v. Thurston, 19 Mo. App. 48. (2) Where a tenant has been unlawfully evicted, the measure of his damages is the difference between the value of the unexpired term and the rent reserved. Schlemmer v. North, 32 Mo. 206; Mack v. Patchin, 42 N. Y. 167; 1 Taylor on Landlord and Tenant (8 Ed.), ch. 8, sec. 317, p. 365; 3 Sutherland on Damages (2 Ed.), ch. 20, sec. 864, p. 1973. (3) An evicted tenant can not recover by way of damages, profits which he would have made if he had not been evicted. Denison v. Ford, 10 Daly (N. Y.) 412. (4) An attorney who, before the performance of any service, is wrongfully prevented from earning fees, can not recover the full amount which he would have received upon the completion of his services.

*Hiram N. Moore* for respondent.

(1) There were no terms of letting save the prompt payment of the rent—which was done. (2) Being in lawful possession, plaintiff could only be evicted by due process

of law. (3) The measure of damages in this action was the amount of fees, if any, lost to plaintiff by reason of defend-ant's unlawful act and directly caused thereby, and the court so instructed.

GOODE, J.—Respondent is an attorney at law, who occupied an office room in the Century Building in the city of St. Louis, prior to the eighteenth day of July, 1900. On said day the superintendent of the building locked respon-dent's office door without previously notifying him, refused him permission to again enter the room or. do business in it and forced him to move out of the building, although his term would not have expired until the last day of the month. This was done on account of several quarrels and affrays re-spondent had in his office, and in the halls of the building, and the consequent profanity and tumult, which disturbed the other tenants, as the appellant claims.

Rules governing the conduct of tenants are stated to have been posted conspicuously in the hallways and to have constituted a part of all contracts between the appellant, as landlord, and the occupants of its rooms. One of them was as follows: "Tenants, their clerks or servants, shall not make or permit any improper noises in the building, smoke tobacco in the elevator, or interfere in any way with the other tenants or those having business with them."

Respondent's eviction is claimed to have been lawful be-cause he repeatedly broke said rule.

This instruction was given at the instance of respondent: "The court instructs the jury that under the pleadings and all the evidence the defendant was not justified in ejecting the plaintiff from his office in its building, and the plaintiff is entitled to a verdict for nominal damages, at least, and if you find from all the evidence that plaintiff, by reason of being ejected from his office, and as the direct result thereof,

was injured in his business of lawyer—that is, lost fees, which he would have received had he not been so ejected, then in addition to nominal damages, you will assess his actual damages at such sum as you find from all the evidence will compensate him for the loss of such fees, if any."

This one was given on appellant's request: "You are further instructed that in estimating plaintiff's damages, if you find for plaintiff, you should confine your estimate thereof to the loss to plaintiff in his law business by loss of fees, if you find he has lost any fees by reason of his having been required to remove from the Century Building, and if you do not find from the evidence that the acts of defendant Century Building Company, in requiring plaintiff to remove from the Century Building, caused the loss to plaintiff of any such fees, then you can only find nominal damages, that is, one cent."

The jury returned a verdict in plaintiff's favor for one hundred and thirty-five dollars.

It was right to instruct the jury that the eviction of the plaintiff by the defendant was unlawful and entitled plaintiff to a verdict for nominal damages, at least. No doubt a forfeiture of a lease may be worked by a tenant violating its terms, and he may be rightly evicted therefor. But it does not follow that the landlord may constitute himself judge and jury, decide the contract has been broken, declare a forfeiture and summarily eject the tenant without notice or a hearing. Due process of law must be followed in this, as in greater matters, and the law on the subject is plain:

"No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written assent of the landlord; *neither shall he violate any of the conditions of his written lease,* nor commit waste upon the leased premise." R. S. 1899, sec. 4107.

"If any tenant shall violate the provisions of the preceding section, the landlord, or person holding under him, after giving ten days notice to quit possession, shall have a right to re-enter the premises and take possession thereof, or to oust the tenant, subtenant or undertenant by the proper procedure." R. S. 1899, sec. 4108.

Respondent says he never saw the printed rule in question, but would have seen it had it been conspicuously posted. Whether he did or not, it could certainly have had no more force if posted than if formally expressed in a lease between him and appellant; and in such case notice to vacate must have been given to respondent. If he refused to do so, appellant could only have legally ousted him by an action. There is evidence to show respondent's difficulties were forced on him, and that he acted in self-defense. He was entitled to his day in court.

We have had occasion, in a case similar to this one, to say all we care to at present on the subject of the right of a tenant, whose occupancy is ended by his landlord's tort, to recover for injury to his business or loss of profits caused thereby. We held that he is entitled to be reimbursed for such losses, when they are proven with reasonable certainty to have been due to the landlord's act. Gildersleeve v. Overstolz, 90 Mo. App. 518. That ruling is applicable to the controversy before us.

Respondent introduced testimony tending to show he lost certain fees by appellant's ousting him from the office where his clients were wont to find him. Whether the proof was cogent enough to warrant its submission to the jury to be considered in estimating the damages to be assessed lies outside our inquiry; for each party requested an instruction on the assumption that it ought to be. A party is not at liberty to assign for error an instruction given for his adversary,

when his own exhibits the same fault, or expresses the same theory. Sowden v. Kessler, 76 Mo. App. 581; Plummer v. City of Milan, 79 Mo. App. 439; Christian v. Ins. Co., 143 Mo. 460; Tomlinson v. Ellison, 104 Mo. 105; Harrington v. City of Sedalia, 98 Mo. 583.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.