## CAMPBELL et al., Respondents, v. TINKER, Appellant.

### St. Louis Court of Appeals, April 20, 1909.

1. **SALES: Delivery for Trial.** Where a pair of horses were sold and delivered to the purchaser for trial, and thereafter the purchaser notified the seller that the horses were satisfactory and paid for them, the purchaser could then have no redress for defects in the horses except for fraud, or for breach of warranty, if one was given.

2. ———: ———: **Instructions.** Where the issues on a trial were whether a pair of horses were sold by the plaintiff to the defendant unconditionally, and whether, when they were afterward returned to the plaintiff, it was for the purpose of having him sell them, or they were returned pursuant to an option of the purchaser to return them if unsatisfactory; the question of whether such return was within a reasonable time was irrelevant, and an instruction involving that issue was erroneous.

3. ———: ———: ———: **Self-Invited Error.** But where the party complaining of such instruction, himself asked instructions upon that issue, the error is not reversible.

4. ———: ———: **Injury While in Purchaser's Possession.** Where horses were sold and delivered to the purchaser for trial, with an option to return them if unsatisfactory, and were injured while in the purchaser's possession for that purpose, without his fault, he was not thereby deprived of his right to return.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*John T. Fitzsimmons* for appellant.

When a case is tried by the court sitting as a jury, declarations of law serve to advise the appellate court of the view of the law which the trial court took and of the theory on which the case was tried. Matson v. Frazer,

48 Mo. App. 310; Pottery Co. v. Folockemer 131 Mo. App. 105. Instructions and declarations of law must be based on the issues made by the pleadings. Issues cannot be tendered by the evidence, nor can they be changed by instructions or declarations of law. They must abide the pleadings and may only be changed by amendments duly made. If the evidence makes out a case entitling the plaintiff to recover but on a different theory from that alleged in the pleadings, it is error to declare the law in conformity with the case made by the evidence. The foregoing applies as well to declarations of law given by the trial court sitting as a jury as to instructions given by the court to the trial jury. Matson v. Frazer, 48 Mo. App. 302; Bank v. Armstrong, 62 Mo. 65, 66; State ex rel. v. Land & Lumber Co., 161 Mo. 664; Gilchrist v. Donnell, 53 Mo. 591; Nelson Mfg. Co., v. Nutchell, 38 Mo. App. 321; Waddingham v. Hulett, 92 Mo. 528; Mays v. Pryce, 95 Mo. 603; McMurry v. Martin, 26 Mo. App. 437; McQuillin, Instructions to Juries in Missouri Civil Cases, sec. 71, p. 51; Quinlavin v. English, 44 Mo. 47; Implement Co. v. Parmer, 128 Mo. App. 300; McCormick v. Finch, 100 Mo. App. 641; Smoke Preventer Co. v. St. Louis, 205 Mo. 220. If the vendee had the right to rescind the sale by returning the horses to the vendor, that right was in no degree defeated even if the vendee paid the purchase price, and received a bill of sale or warranty, and even if one of the horses suffered injury while being used by the vendee. This is more emphatically true if the vendor received back the horses. 1 Mechem, Treatise on the Law of Sale of Personal Property, sec. 565, p. 467; Head v. Tattersall (1871), L. R. Exch. 7 (quoted at length in 1 Mechem, Treatise on the Law of Sale of Personal Property, sec. 677).

*E. W. Banister* for respondents.

It is elementary that where an article is sold "on trial" or "on approval" a sale is not consummated until the buyer signifies his approval, either expressly or by

implication, resulting from his conduct with reference to the property. 6 A. and Enc. of Law, p. 462. But where no time is fixed for the trial, the buyer must within a reasonable time notify the seller that the article is unsatisfactory, otherwise the sale becomes absolute and the buyer becomes liable for the price. Smoke Preventer Co. v. St. Louis, 205 Mo. 242; 6 A. & E. Enc. of Law, p. 465; Curtiss v. Driggs, 25 Mo. App. 175; Quinn v. Stout, 31 Mo. 160; Hilliard on Sales, ch. 5, sec. 4.

STATEMENT.—Plaintiffs are partners under the style of the Campbell Horse Company and are engaged in the business of buying and selling horses in East St. Louis, Illinois. On December 10, 1904, defendant purchased a pair of horses from them for seven hundred dollars and the present action is to recover said sum less a credit of one hundred and eighteen dollars, allowed for reasons which will appear in the course of the statement. The answer says defendant bought two horses from plaintiff in 1902 on condition he should have a reasonable time in which to try them and if they were not sound, docile or satisfactory, might return them; in which event plaintiffs were to furnish other horses on the same condition; and so on until they satisfied defendant, when the purchase price of four hundred and fifty dollars paid for the first pair, should be credited on the price of the horses that were accepted as satisfactory; that the pair of horses first delivered proved unsatisfactory to defendant, were returned to plaintiffs and thereafter, from time to time, plaintiffs furnished and defendant tried other horses in accordance with the agreement, and finally received and accepted a pair at the price of seven hundred dollars; that thereupon defendant tendered and offered to pay plaintiffs the difference between said sum and four hundred and fifty dollars theretofore paid for the horses furnished in 1902, and afterwards returned, which difference of two hundred and fifty dollars defendant had been at all times ready and willing to pay

but plaintiffs had refused to accept. For reply plaintiffs said it was true they had sold defendant a pair of horses in 1902 and defendant had paid for them, but that said sale was absolute and without any agreement or guaranty from plaintiffs to defendant; that defendant took possession of said horses, afterwards one of them was hurt or injured, whereupon defendant sent them to plaintiffs' stable, requesting the latter to sell them for the account of defendant and give him credit for the net proceeds of the sale; that plaintiffs sold them as requested and gave him credit for $188 as the net proceeds; that with this credit he was left indebted to plaintiffs in the sum of $582 on the price of the horses bought in December, 1904. The testimony was conflicting regarding the terms of the first sale, which occurred in March, 1902; that for defendant tending to prove the horses were returned to plaintiffs on May 4th because they turned out to be skittish and unsatisfactory, and were accepted by plaintiffs pursuant to an agreement to supply another pair and on the understanding this would be done. Testimony for plaintiffs was to this effect; they never sold horses on trial; defendant and his coachman tried the pair in controversy twice before taking them from plaintiffs' stable, and a day or two afterward telephoned plaintiffs to come over and get their money as defendant could not want a better team; one of the plaintiffs went over and was paid in full by check dated March 22d; thereafter defendant sent word one of the horses had fallen lame, and to accommodate him plaintiffs furnished first one horse and then another to use in lieu of the lame horse; later defendant said he was going to Europe and would send the team back to be sold and the money put to his credit, to be applied on a pair of horses he would purchase on his return. A man of plaintiffs went to defendant's stable to get the horses pursuant to this request, and found one of them so lame he hardly could walk; in fact was unable to travel the distance to plaintiffs' stable; defendant's coachman said plaintiffs un-

derstood about this and the team was to be taken back and sold for defendant's account; meanwhile the tails of the horses had been docked, which would diminish their value, and it turned out one of them had broken a bone in its ankle. This fracture was five or six months in healing; in September, 1902, the team was sold for $250 and defendant credited with the sum of $118, which was left after paying for feed and veterinary services. Defendant explained why he paid for the team while he had it on trial by saying he expostulated when asked to pay, but one of the plaintiffs said they needed the money and assured him if the horses were not satisfactory others would be sent. The case was tried without a jury and judgment given for plaintiffs for their demand; wherefore the appeal calls into question the declarations of law, two of which were given of the court's own motion and the others were requested by defendant and given with changes made by the court. We transcribe most of the declarations, omitting two or three which express the same theories of the case and are either uncriticised or criticised for the same reasons as those copied. The court's modifications in declarations asked by defendant are in italics. The following were given of the court's own motion:

"I. If the court sitting as a jury finds and believes from the evidence that the team first delivered to the defendant, was delivered on trial, and that thereafter plaintiffs were notified by defendant or any one of the employees of defendant having charge of said horses, that the team was satisfactory, and that thereafter plaintiffs through their authorized agent called upon defendant and received payment for said horses and gave a bill of sale thereof, or a warranty as to said horses, then plaintiffs are entitled to recover in this action.

"II. In determining whether said sale was conditional as contended for by defendant, the court will take into consideration all the facts and circumstances in

evidence, and although the court may find and believe said sale was conditional yet it was the duty of the defendant to accept or reject said horses in a reasonable time, and if not accepted to return them to plaintiffs, and if the court sitting as a jury further finds and believes from the evidence that defendant did not notify plaintiff of his acceptance of said team of horses and did not return the same to plaintiff within a reasonable time, but continued to use said horses, and that during said use the horses became crippled, lamed and otherwise injured in value and usefulness, then plaintiffs are entitled to treat said sale as absolute and entitled to recover in this action."

The following asked by defendant were given as modified:

"I. The court instructs (declares) that if from the evidence it believes that defendant purchased the first team of horses upon approval, that defendant was to have a reasonable time to try said horses, and that if upon trial, said horses did not prove sound, docile and satisfactory to defendant, defendant might return said horses to plaintiffs, then there was no absolute sale of said first team, unless defendant notified plaintiffs, after said trial, that said horses were approved by him and were docile, sound and satisfactory to him, or unless defendant within a reasonable time after said purchase failed to notify the plaintiffs that said horses were not approved by him, and were not docile, sound and satisfactory to him, *and failed to return said horses in a reasonable time.*

"II. The court declares that if from the evidence it believes that defendant purchased said first team of horses subject to his approval, and subject to said team being satisfactory to him, and that defendant returned said first team to plaintiffs because he did not approve of the same, or because said team was not satisfactory to him, then there was no absolute sale of said team, and

defendant is entitled to a credit from plaintiffs of $450 upon the purchase price of the second team of horses, even though the court may believe that said first team was sound and docile, and that defendant ought to have approved of said first team, and even though the court may believe that defendant ought to have been satisfied with said first team, the grounds of approval or disapproval, and of satisfaction or dissatisfaction being for defendant alone to determine, *and provided that option was exercised in a reasonable time and plaintiffs notified thereof.*

"III.    The court declares that even if one or both of the horses in said first team were injured while said horses were in defendant's possession, still defendant did not because of said injuries, lose the right to return said first team to plaintiffs, and to receive from plaintiffs credit for the sum of $450, provided that by the terms of the purchase of said first team of horses, defendant reserved the right to return said horses if they were not sound and docile and were not satisfactory to defendant, and provided further that said injuries befell said horse or horses in the course of the exercise by defendant of the right of trying said horses which the contract gave to defendant, and provided further that the injuries were received only during their trial and within a reasonable time after their receipt by defendant.    If the court sitting as a jury believes from the evidence that the defendant did not accept or return said horses within a reasonable time and after such reasonable time said horses were injured, crippled and rendered less valuable and useless (sic.) then defendant had no right to return them under his alleged conditional purchase."

GOODE, J. (after stating the facts).—The first declaration in the present case merely said if the court found the team first purchased was delivered to defendant for trial, thereafter plaintiffs were notified by him

it was satisfactory, were paid and gave defendant a bill
of sale, or a warranty, plaintiffs were entitled to recover.
That declaration was sound, for certainly if the horses
were accepted and paid for by defendant as satisfactory,
he had exercised his option to keep or return them, and
thereafter he could have no redress except for fraud, or
on a warranty, if one was given.   Execution of a bill of
sale by plaintiffs and acceptance of it by defendant, were
not essential to an election by him to keep the horses, but
might be regarded as circumstances which favored the
conclusion that he had elected to keep them.   It was not
more necessary to refer to said circumstances in the dec-
laration, than to refer to any other fact conducing to
prove the ultimate fact of a decision by defendant to ac-
cept the team; but reference to them was not prejudicial
to defendant; for the declaration required the court to
find for plaintiffs on the essential fact of whether de-
fendant notified them he would accept the team, and the
inclusion of certain circumstances which helped to in-
duce the finding, was immaterial.

Counsel for defendant excepted to changes made by
the court in other declarations and insists these changes
drew into the case for decision issues not joined in the
pleadings, to-wit, whether defendant ought to be regard-
ed as having accepted the horses first purchased if he
did not return them to plaintiffs in a reasonable time,
or if one of them was injured or crippled while in his
possession.   The argument runs thus: in replying to de-
fendant's averment of a purchase of the first pair of
horses with the privilege to return them if they proved
unsatisfactory, plaintiffs alleged the sale was absolute
and unconditional; further, according to all the testi-
mony, the horses were returned to and received by plain-
tiffs; under such pleadings and evidence, whether or not
they were returned in a reasonable time was an irrele-
vant inquiry, the real question being whether this was
done pursuant to an option accorded to defendant in the
contract of sale, as he alleged, or merely in compliance

with his request to sell them for him, as plaintiffs alleged. Defendant's view of the pleadings is substantially correct. The replication mentions the occurrence of injury to one of the horses while defendant had it, but does not put the fact forward in a definite manner as a reason why defendant could not exercise his option to reject them if such an option had been given. Hence it may be allowed the declarations of law widened the issues; but scrutiny of the declarations requested by defendant shows this course was invited and hence is not available for reversal. [Christian v. Insurance Co., 143 Mo. 460; Sowden v. Kessler, 76 Mo. App. 581; Plummer v. Milan, 79 Mo. App. 439.] Take the first modified declaration and compare the italicized part inserted by the court with the remainder, and it will be seen the theory of law propounded in the declaration as requested was not changed. The theory was that if the first team was sold on approval and defendant was to have a reasonab'· time to try it and return it if unsatisfactory, there was no absolute sale, unless, after trial, he approved the horses, or failed within a reasonable time to notify plaintiffs they were not approved. The insertion made by the court required defendant to return the horses within a reasonable time, as well as give notice of rejection. But defendant's supposed right to return them if they were unsatisfactory, was mentioned in the requested part of the declaration in a connection that implied return in a reasonable time; which, of course, would be a necessary incident of refusal to accept them. The amendment of the second requested declaration merely required defendant to exercise his option to reject and follow up his decision with reasonable notice to plaintiffs. In the third declaration the amendment was more elaborate but of the same legal effect. It said if the court did not believe defendant accepted or returned the horse within a reasonable time, and after such time they were injured, crippled or rendered less valuable, defendant had no right to return them. According to defendant's own theory he

Campbell v. Tinker.

was bound to keep them unless he gave timely notice
to the contrary. In default of such notice the sale would
become absolute (1 Mechem, Sales, secs. 681, 682), and
a subsequent injury would not affect the matter one way
or the other and hence need not have been referred to in
the declaration; but the reference was not unfavorable
to defendant, inasmuch as the court was required to find
the main fact: retention of the horses an unreasonable
time without notice of disapproval. We have been cited.
to Head v. Tattersall, L. R. Exch. 7, and agree with the
doctrine of the case, namely, that if a horse is sold on
trial and is injured while in the purchaser's possession,
but without his fault, he will not be deprived thereby
of the right of rejection. The decision was based on the
concession that the injury occurred in the period allow-
ed for trial. If no definite period is arranged, a rea-
sonable one is implied, and so defendant concedes in the
present case. Now it will be observed the reference to
the injury in the declarations was in terms which showed
the court meant an injury after lapse of reasonable time
for trial. As said, we do not see how an injury then oc-
curring could have any effect on the rights of the parties,
which would have been fixed by the expiration of the
time in which defendant might decline the horses; but
neither do we see how requiring the court to find not
only that the time had expired, but also that one of the
horses had been hurt after its expiration, could be pre-
judicial to defendant. Such an accident would not en-
large his right of rejection, but rather would lend em-
phasis to plaintiffs' right to treat the sale as absolute.
[Strauss v. Kingman, 42 Mo. App. 208; Carter v. Wal-
lace, 32 Hun 384.] What we have said in this connec-
tion applies to the second declaration given by the court
of its own motion. The injury to the horses by use re-
ferred to in said declaration, clearly means an injury
after the end of the period of trial and in which defend-
ant might have returned them as unsatisfactory. The
declarations are verbally inexact, but they show the

court tried this case on correct legal theories, considering the fact that defendant himself introduced by his requests the question of whether his alleged election to disapprove was timely.

The judgment is affirmed. All concur.