Waers and Moffitt v. Wiesberg.

---

W. E. WAERS and J. T. MOFFITT, Appellants, v. S. WIESBERG, doing business as S. WIESBERG & COMPANY, Respondent.

Kansas City Court of Appeals, January 2, 1911.

1. CONTRACTS: Issues of Fact: Instructions. Where an instruction submitted issues of facts requiring the jury to find more than is necessary for a recovery, was error, under the circumstances shown in this case, as it presented an issue different from the real one and was misleading.

2. ———: ———: ———. An instruction, which casts upon the defendant the duty of endorsing a bill of lading issued in the names of plaintiffs, is not erroneous where it is shown that defendant's agent procured the bill of lading, and caused plaintiff's name to be inserted as shippers and consignees; attached a draft thereto, turned it over himself to the bank, with instructions to forward to the bank at destination.

Waers and Moffitt v. Wiesberg.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller,* Judge.

AFFIRMED.

*E. O. Doyle* for appellants.

(1) The petition is sufficient to uphold verdict. Sec. 672, R. S. 1899; McKinney v. Northcutt, 114 Mo. App. 160; Howe v. Ins. Co., 75 Mo. App. 66; Bectenwald v. Railroad, 121 Mo. App. 601. (2) Great latitude of discretion rule not applicable to this case. Loftus v. Railroad, 220 Mo. 470. (3) Grounds set out in the order granting new trial insufficient. Sec. 672, R. S. 1899; Lee v. Dunlap, 55 Mo. 454. (4) The court overruled the grounds in defendant's motion for new trial. Without exceptions taken and saved they are not here for review. Vastine v. Rex, 93 Mo. App. 93; Bradley v. Repell, 133 Mo. 560; Thiele v. Railroad, 140 Mo. 319. (5) Facts outside the case no grounds for reversal. Rowell v. City of St. Louis, 50 Mo. 92. (6) The issue of facts submitted required the jury to find more than was necessary for plaintiffs to recover, if error, were harmless. Rose v. Railroad, S. W. 123, p. 946; Richardson v. Railroad, S. W. 123, p. 27; Harrington v. City of Sedalia, 98 Mo. 588; Houx v. Betteen, 68 Mo. 84; Jackson v. German Ins. Co., 27 Mo. App. 162.

*J. W. Wright, Jr., M. G. Lilly* and *Willard P. Cave* for respondent.

(1) Instructions Nos. 1, 2, and 3 were erroneous and the court properly set the verdict aside and granted a new trial. There was absolutely no evidence of any new or subsequent agreement. (2) The granting of a new trial is discretionary with the trial court. Lawson v. Mills, 130 Mo. 170; Bank v. Armstrong,

92 Mo. 265; Noble v. Kansas City, 95 Mo. App. 167; Young v. Ruhwedel, 119 Mo. App. 231; Baughan v. Waterworks Co., 58 Mo. App. 576.

BROADDUS, P. J.—This is a suit for damages on a contract for the sale of wool.

The undisputed facts are as follows: The plaintiffs are dealers in wool, hides, etc., at Polo, Missouri, and defendant is a wholesale dealer in wool and fur at Moberly, Missouri, and employ in its business traveling agents. On May 22d, 1909, defendant through one of its traveling agents contracted with plaintiff for 30,867 pounds of wool at twenty-seven cents per pound, to be shipped to defendant at Moberly to be paid for in drafts drawn on defendant at Moberly, with bills of lading attached thereto. On the same day said agent of defendant executed two drafts, as agreed, on the Mechanics Bank at Moberly, one for five thousand dollars and the other for twenty-five hundred dollars, which left a balance on the purchase price of $680.59, which was to be sent later when the second carload of the wool was to be shipped. The drafts were to be attached to a bill of lading when the wool was loaded and billed out, and on receipt of drafts with proper bill of lading attached defendant was to pay them. Plaintiffs loaded one car with the wool contained in eighty sacks on the same day of the value of $4969. The defendant's agent procured a bill of lading and attached it to a draft for $5000. In this bill of lading the plaintiff's names were inserted as shippers and consignees of the car containing the eight sacks of wool, and the agent turned the bill into the First National Bank of Polo, with the instructions to forward to the bank at Moberly. The fact that it was not endorsed escaped the attention of the agent of defendant, and the plaintiffs who were present, and the cashier of the bank.

The draft with the bill of lading was forwarded by the bank of Polo to the bank at Moberly, which reached the latter place on May 26th, and was on that day presented to defendant for payment. The defendant finding that the bill of lading was not endorsed refused to pay the draft, and ordered the same with the bill of lading to be returned to Polo. On the 24th of May, two days before the receipt of the said draft and bill of lading at Moberly, defendant wrote appellants to bill out the remaining sixty-two sacks of wool; and the next day wrote plaintiffs that he had turned down the draft for $2500 for the reason that there was no bill of lading attached, and instructed them to get a bill of lading and attach it to the $2500 draft and to a $680.59 draft which he had sent plaintiffs with his letter of the 24th, covering the balance of the purchase price of the wool, and to forward them through the bank. Before plaintiffs complied with these instructions the bank of Polo notified them that the $5000 draft had been refused payment and no reason assigned.

Moffett, one of the plaintiffs, went to Moberly where he had first a talk with defendant's agent, who advised him to order the wool shipped to some other market and said, "The boss is all up in the air, he will not give you a square deal now." He also saw defendant who gave as a reason for not paying the draft that the bill of lading attached was not properly indorsed, that the draft was in excess of the amount of the wool in the car, and that the car did not contain the average wool he had bought. He said he was willing to take the wool if put in his warehouse with the privilege of regarding it and allow such a price as the market justified on the grade. While Moffett was in Moberly and before he saw defendant he went to the dispatcher's office to find out how he would have to proceed to get the wool out if he decided to move it. He also telephoned Mr. Emmons, a

wool dealer in Mexico, Missouri, with a view of selling him the wool, and went there afterwards to see him in person and told him he did not intend to let defendant have it.   Emmons did not want to buy and Moffett returned to Polo.

On May 28th or 29th, when the $5000 draft got to Polo, Moffett got a bill of lading on the car containing sixty-two sacks attached the same to the drafts and endorsed the bill of lading to the $5000 draft, and forwarded them to the Moberly Trust Company, a banking house at Moberly.   They were duly presented to defendant for payment and payment refused.   Appellants took the wool and sold it, at a loss including expenses, of $2069.25.   The balance of the wool that was loaded but not shipped with the first consignment remained at Polo, until it was taken possession of by plaintiffs.

The verdict was for the plaintiffs, which on motion of defendant the court set aside and granted a new trial from which plaintiff appealed.

The court gave as reason for setting aside the verdict of the jury that error was committed in giving instructions one and two for the plaintiff because they were misleading, in that they submitted issues of fact to the jury not based upon the evidence, there being no evidence introduced in the case upon which to base them.

As the same alleged error exists in both instructions it is only necessary to call attention to one of them.   The first reads as follows:

"The court instructs the jury that plaintiffs in their petition allege that defendant, through his duly authorized agent, B. S. Banard, on the 22d day of May, 1909, called at their place of business in Polo, Missouri, to see and inspect 30,167 pounds of wool, which plaintiffs owned and had for sale at that time in their warehouse; that defendant, by his agent, B. S. Banard, examined said wool and offered them a flat price of

27 cents per pound for the entire amount on board the cars at Polo, which offer plaintiffs accepted, and together with defendant's agent did then and there grade and put into 142 sacks the said 30,167 pounds of wool and by direction of defendant's agent, loaded one car with 80 sacks and loaded the remaining 62 sacks into another car. That when said 80 sacks were loaded defendant's agent, B. S. Banard, made out and signed two separate drafts on defendant, one for $5000 and one for $2500, and delivered both to plaintiff in payment for 80 sacks in loaded car and a partial payment on the 62 sacks loaded in the other car, leaving a balance owing plaintiffs of $680.59, which was to be paid when the said 62 sacks were shipped at defendant's order. That when said drafts were delivered to plaintiffs, plaintiffs expressed some doubt as to defendant's business integrity and financial ability to pay said drafts when presented, whereupon defendant instructed his agent to procure a bill of lading on the car loaded with 80 sacks and have plaintiffs' names inserted in the bill of lading and marked 'shippers order' and attach same to the $5000 draft made out and delivered to plaintiffs and forward said draft with bill of lading attached through the bank at Polo to the bank at Moberly, and the drafts would be promptly paid. That said drafts were promptly transmitted to the bank at Moberly and were duly presented to defendant for payment and he refused to pay same. That the said car of wool was transported to Moberly and defendant refused to receive the same.

"That J. T. Moffett, one of the plaintiffs, went to Moberly upon being notified that defendant refused to pay the draft and refused to receive the wool. The defendant asked plaintiff to return to Polo and get bill of lading on car of remaining 62 sacks and attach the $2500 draft and the $680.50 draft, which he had sent plaintiffs through the mails, endorse both the last bill of lading and the first bill of lading returned to

the bank at Polo, and return them to the bank at Moberly, and would pay them and receive said wool, 'and that said Moffett, at the time, agreed and promised defendant to ship the remainder of said wool and fully perform the contract on plaintiff's part without unreasonable delay.' Then if you believe and find from the evidence these facts to be true, and further believe and find from the evidence that plaintiffs, under instructions from defendant, if you find from the evidence that defendant did instruct them, secured a bill of lading on the 62 sacks remaining in car at Polo, and endorsed both bills of lading and attached the drafts to same and forwarded them to the bank at Moberly and performed, or was ready and willing to perform, all the terms of said agreement without unreasonable delay, and that they were presented to defendant for payment and he refused to pay them, or to receive or pay for said wool and by reason of said failure and refusal, plaintiffs suffered damages in any sum, your verdict should be for the plaintiffs.''

It will be observed that the court by this instruction submitted to the jury the question whether the parties had entered into a certain arrangement after Moffett came to Moberly. This was improper as there was no such subsequent arrangement.

It is suggested that the issue of facts submitted requiring the jury to find more than necessary for plaintiffs to recover, if error, was harmless. And it is held, that: "When, on a plaintiff's appeal, an instruction for defendant required the jury to find more facts than were necessary to a defense, it is unnecessary to inquire whether the additional matter would of itself, preclude a recovery." [Harrington v. City of Sedalia, 98 Mo. 583; Rose v. Ry. Co., 123 S. W. 946; Culver v. Ins. Co., 124 S. W. 540.] If the plaintiff was entitled to recover it was not a necessary part of his case to prove that Moffett while at Moberly, *"Agreed and promised defendant to ship the remain-*

*der of said wool and fully perform the contract on the plaintiff's part without unreasonable delay."*

But it is contended that the action of the court in granting a new trial should be sustained because of error in instruction three given for plaintiff. It is as follows:

"The court instructs the jury that if they find from the evidence that after the plaintiffs and the defendant, by his duly authorized agent entered into a contract for the sale and purchase of the wool contained in 142 sacks on board the cars at Polo, Missouri; if you find that they entered into such a contract, and the defendant's agent took charge of the wool and attended to the securing of a bill of lading in person, that it was his duty to see that all proper endorsements on such bill of lading were made, and if you find from the evidence the bill of lading attached to the $5000 draft lacked the necessary endorsement of plaintiffs' names, and that the defendant's agent did not ask plaintiffs to endorse said bill of lading and failed to call plaintiffs' attention to such necessary endorsement, then in that case such failure to properly endorse said bill of lading on plaintiffs' part would not in its self release defendant from the duty of performing the terms of the contract on his part."

The objection to the instruction is that it attempts to cast the duty of endorsing the bill of lading upon defendant, when from the very nature of the act to be done, it had to be endorsed by plaintiffs. Under the facts we are not prepared to say that the instruction contained error. As the defendant's agent procured the bill of lading and caused plaintiffs' names to be inserted as shippers and consignees containing the eighty sacks attached to the $5000 draft, and turned it over himself to the bank of Polo with instructions to forward it to the bank at Moberly we believe the instruction was proper under the circumstances.

It is further argued that as plaintiffs by their act rescinded the contract and for that reason were not entitled to recover. That was a question of fact which was submitted by appropriate instruction to the jury at the instance of defendant and as it was an issue raised by him he is concluded by the verdict thereon.

## ON REHEARING.

In our former opinion we held that the plaintiff was entitled to recover without this addition to the instruction if they were entitled to recover in any event. Upon reconsideration we are persuaded that in so holding we were in error.

It was a question for the jury, and not for the court to determine in the first place, whether plaintiff, under the evidence, as it was not all one way, had complied with the contract on his part. It may have been but for the instruction the finding would have been different. It presented a different issue from the real one, and for that reason alone it was misleading. And the court wisely set aside the verdict and granted a new trial. Affirmed. All concur.